Lloyd E. PHILLIPS, Petitioner,

v.

H. A. MARR GROCERY COMPANY and the State Industrial Commission of the State of Oklahoma, Respondents.

No. 37156.

Supreme Court of Oklahoma.

March 27, 1956.

Richard E. Romang, Enid, Oklahoma, for petitioner.

Elam & Crowley, Enid, Mac Q. Williamson, Atty. Gen., for respondents.

DAVISON, Justice.

In this case it appears that on the 18th day of October, 1954, Lloyd E. Phillips, petitioner herein, while in the employ of H. A. Marr Grocery Company, a wholesale grocery concern and respondent herein sustained an accidental injury consisting of an injury to his back causing some permanent disability to his person. Petitioner was employed as a truck driver and wholesale deliveryman.

Respondent is a corporation doing business in the State of Oklahoma and its principal place of business is located at Enid, Oklahoma. The accident in which petitioner sustained his injury occurred at Wichita in the State of Kansas and occurred while he was unloading groceries from the truck which he used in transporting the property to Wichita, Kansas, when he caught a case of syrup which had fallen from the truck resulting in the injury complained of.

The contract of employment between petitioner and respondent was entered into in the State of Oklahoma.

On Nov. 22, 1954, petitioner filed a claim for compensation before the State Industrial Commission in which he states substantially the facts above mentioned.

It appears from the record that the trial commissioner refused to assume jurisdiction on the ground that the injury occurred in the State of Kansas and that the State Industrial Commission had no extraterritorial jurisdiction and no further proceedings were had on that claim. Petitioner thereafter filed a claim for compensation against his employer under the Workmen's Compensation Law of the State of Kansas, G.S.1949, 44–501 et seq., before the Workmen's Compensation Commissioner of that State.

In 1955 the legislature of this state passed an act conferring extraterritorial jurisdiction on the State Industrial Commission authorizing it to entertain a claim for compensation for an accidental injury sustained by an employee in another state where the injury was sustained while the employee was engaged in performing the work he was employed to do pursuant to a contract of employment entered into in this state. The act became effective June 7, 1955, and is as follows:

"From and after the passage and effective date of this Act, all the provisions of the Workmen's Compensation Law of this State (Title 85 O.S.1951) and all amendments thereof or thereto shall apply to employers and to employees, irrespective of where accident resulting in injury may occur, whether within or without the territorial limits

of the State of Oklahoma, when the contract of employment was entered into within the State of Oklahoma, and the said employee was acting in the course of such employment and performing work outside the territorial limits of this State under direction of such employer. In such case the injured employee may elect to commence and maintain his action for benefits and compensation before the State Industrial Commission of the State of Oklahoma, and the said Commission is hereby vested with jurisdiction thereof as fully as if such injury or accident had occurred within this State. Such right of election shall, however, not preclude the injured employee from recovering any benefits or compensation provided under any law of the State where injury occurred, and if such action be so commenced in such other state, or under the law of another state, and is prosecuted to final determination, such employee shall thereupon be precluded from his right of action under the laws of this State. Provided, the injured employee may exercise his right of election to file his claim or commence his said action or proceeding before the State Industrial Commission of the State of Oklahoma, at any time prior to final adjudication or determination of his rights under the laws of another state, and the fact that he shall have been furnished or provided with medical, surgical, hospital or other treatment care, or paid temporary disability compensation in such other state, or under the laws thereof, shall not preclude such injured employee from recovering further benefits and compensation under the law of this State. Provided, further, no award made by the State Industrial Commission of this State shall include any compensation paid by the employer or insurance carrier before commencement of the action or proceeding of this State and any payment so made shall be treated as compensation voluntarily paid and credit therefor shall be allowed." 85 O.S. Supp. § 4.

After the passage of said act petitioner dismissed his claim pending before the Workmen's Compensation Commission in the State of Kansas without prejudice and on July 11, 1955, filed a second claim for compensation before the State Industrial Commission in this State for his injury sustained in the State of Kansas in which he states substantially the same facts as stated in his claim first filed.

Respondent in opposition to this claim filed a plea to the jurisdiction of the Commission and motion to dismiss and as grounds of such plea and motion states that petitioner's claim shows upon its face that the alleged injury occurred in the City of Wichita, State of Kansas, on October 18, 1954, prior to the effective date of the 1955 Act. The State Industrial Commission of Oklahoma was therefore without jurisdiction to entertain and hear such claim. The trial commissioner in passing upon such plea and motion found:

> "That at the time claimant sustained his injury in Kansas, Oklahoma did not have an extraterritorial statute; and no cause of action existed in the State Industrial Commission of Oklahoma for claimant, and that the extraterritorial statute is not precedural, and as far as this claimant is concerned is ex post facto."

And upon such finding entered an order denying compensation.

Petitioner brings the case here to review this order and contends that it is not supported by the record and is contrary to law.

■ Prior to the passage of said Act we held that the State Industrial Commission in this state is without jurisdiction to award claimant compensation under the Workmen's Compensation Act for injuries sustained and work performed in another state although the contract to perform such work was entered into in this state. Battiest v. State Industrial Commission, 197 Okl. 618, 173 P.2d 922; Sheehan Pipe Line Const. Co. v. State Ind. Comm., 151 Okl. 272, 3 P.2d 199.

■ The only question here involved is whether the 1955 Act supra is retroactive and therefore applies to an injury sustained

by an employee prior to its enactment. Respondent contends that it is not retroactive, while petitioner contends the contrary. We think the contention of respondent is correct. The general rule is that statutes are to be construed as having a prospective operation unless the purpose and intent of the legislature to give them a retrospective effect is expressly declared or implied from the language used. In case of doubt the doubt must be resolved against the retrospective effect. Swatek Construction Co. v. Williams, 177 Okl. 305, 58 P.2d 585; Board of Trustees of Firemen's Relief & Pension Fund of City of Tulsa v. Naughton, 197 Okl. 592, 173 P.2d 425; State ex rel. Allen v. Board of Ed. Independent School Dist. No. 74, Muskogee County, 206 Okl. 699, 246 P.2d 368.

The Act in question does not expressly provide that it shall have a retrospective or retroactive effect nor is there any language contained in the act from which such intent may be implied.

Petitioner however contends that the statute in question is a purely procedural statute and that such statutes are generally held to operate retrospective unless a contrary intent appears from the language used in the statute. Citing, Shelby-Downard Asphalt Co. v. Enyart, 67 Okl. 237, 170 P. 708. In that case we held:

"No one has a vested right in any particular mode of procedure for the enforcement or defense of his rights. Hence the general rule that statutes will be construed to be prospective only does not apply to statutes affecting procedure; but such statutes, unless the contrary intention is clearly expressed or implied, apply to all actions falling within their terms, whether the right of action existed before or accrued after the enactment."

In 82 C.J.S., Statutes, § 416, the rule is thus stated:

"The general rule that statutes are to be construed as prospective only, unless the language employed conclusively negatives that construction, applies to remedial statutes, and such statutes will not be given retrospective or retroactive effect if to do so would impair or destroy contracts, disturb vested rights, or create new obligations. However, as to such statutes the rule is not so insistent, and does not automatically apply, and remedial or procedural statutes which do not create, enlarge, diminish, or destroy contractual or vested rights but relate only to remedies or modes of procedure are not within the general rule against retrospective operation, but are generally held to operate retrospectively. * * *.

" * * * but, where the statute is not purely procedural, it will not be so construed if the intention to give the act a retrospective effect is not so clearly found as to satisfy the court that such was the intention, and if, from the reading of the act, the court is doubtful whether such was the intention, the doubt must be resolved against the retrospective effect."

We do not agree that the statute in question is purely procedural but on the contrary it deals with substantive rights. It confers the right upon the injured employees to obtain relief from the State Industrial Commission of this State for injuries sustained in another State, a right which they did not have prior to the effective date of said Act. It confers jurisdiction upon the State Industrial Commission to entertain a claim for compensation which jurisdiction it did not have prior to said time and cannot therefore be said to be a purely procedural statute.

We think the case of Swatek Construction Co. v. Williams, supra, is more nearly in point than any other case cited by either party. In that case it appears that a compensation claimant had obtained an award before the State Industrial Commission for permanent total disability. The award was entered June 23, 1931; claimant thereafter died from causes other than the injuries for which he received compensation. At the time of his death under the statute then existing an award did not survive but installments remaining unpaid abated upon the death of claimant. In 1933 the legislature

amended the statute. The amendment now appears in 85 O.S.1951 § 41, and as far as here material provides that when an award of the State Industrial Commission becomes final the whole sum or any unpaid portion thereof shall operate as a final adjudicated obligation and payment thereof may be enforced by claimant or in case of his death by the surviving beneficiary entitled to the proceeds as provided in section 1, chapter 29, S.L.1933. 85 O.S.1951 § 48.

After the passage of the amendatory act the widow of deceased claimant filed with the State Industrial Commission a petition asking that the award be revived in her name and that an order be entered by the Commission directing payment of the unmatured installments be made to her. The State Industrial Commission granted the petition and entered an order accordingly. This court on appeal. vacated the order, holding that the amendatory act was not retroactive and did not apply to an award entered prior to its enactment and in passing upon this question among other things stated [177 Okl. 305, 58 P.2d 587]:

> "To apply the amendment of 1933 to the case at bar as requested by the respondent would be to give her a substantive right which she did not possess prior thereto and would be to change the obligation of the employer and impose upon it a liability which did not theretofore exist. This would be to give the amendment a retrospective construction. As said in Draper v. W. H. Draper & Sons, 201 App.Div. 770, 195 N.Y.S. 162: 'The amendment of Workmen's Compensation Law by Laws 1920, c. 532, providing that a disability award shall be payable to claimant's widow and children, does not apply to an award made after the date on which the amendment becomes effective for an injury occurring before that date, and gives claimant's widow no right to payments falling due after his death from causes other than the injury.'"

We consider the reasoning in the above case applicable to the case at bar. We con-

clude that the Commission ruled correctly in holding that it was without jurisdiction to entertain petitioner's claim and in denying compensation.

Order sustained.