NURSING HOMES — CERTIFICATE OF NEED The terms of Senate Bill 255 as passed by the First Session of the Thirty-third Legislature, effective April 8, 1971, are not retrospective in operation. Moreover, Section 1 of Senate Bill 255, supra, requiring a Certificate of Need prior to construction, establishment, or expansion of nursing home facilities, is prospective in operation, and does not require a Certificate of Need for those projects in construction prior to the effective date of this Act. The Attorney General has considered your request for an opinion dated September 16, 1971, wherein you request clarification as to the application of Senate Bill 255 which was passed by the First Session of the Thirty-Third Oklahoma Legislature and became effective April 8, 1971. Your question reads, as follows: "Is this law effective and is a Certificate of Need required prior to the licensing of a nursing home that has followed all of the pre scribed rules and procedures developed by the State Department of Health, including approval of construction plans, and construction begun prior to the enactment of Senate Bill 255?" As to the first portion of your question asking whether this law is effective, we turn to Section 11 of Senate Bill 255 wherein the Legislature declared an emergency, which provides: "It being immediately necessary for the preservation of the public peace, health and safety, an emergency is hereby declared to exist, by reason whereof this Act shall take effect and be in full force from and after its passage and approval." Approval of the Governor was given on the 8th day of April, 1971, and it appears clear that the Bill was effective from that date forth. This rule was announced in Seiffert, et al. v. Jones, et al., 77 Okl. 204,186 P. 472. In view of the above, we next turn to your question as to whether a Certificate of Need is required of a nursing home beginning construction before the effective date of that requirement. In this connection, we cited Section 1 of Senate Bill 255 which provides: "The Legislature hereby declares that it is the public policy of the State of Oklahoma that the establishment, construction and expansion of nursing home facilities should be made in an orderly and economical manner consistent with the proper and effective development of adequate nursing home service for the people of the State of Oklahoma, and that it is essential to the realization of this public policy that the construction, establishment and expansion of nursing home facilities in the State, be made in accordance with the needs of various areas of the State. It is the purpose of the Legislature in enacting this law to further the above stated public policy of the State by providing a procedure for applying for the obtaining a certification of need prior to the construction, establishment, or expansion of nursing home facilities in the State, and by prohibiting any construction, establishment or expansion of a nursing home facility except pursuant to certification of need therefor by the State Commissioner of Health as provided in this Act. . ." (Emphasis added) This Act does not expressly or inferentially undertake to make certification a retrospective operation. However, the most salient problem in affording this Section a clear prospective interpretation is the inclusion of the word "establishment". In the case of Georgia Public Service Commission v. Georgia Power Co., 182 Ga. 706,186 S.E. 839, the Court defined "establish", as follows: ". . .To bring into being; to build; to constitute; to create; to erect; to form; to found; to found and regulate; to institute; to locate; to make; to model; to organize; to originate; to prepare; to set up." (Emphasis added) In that case the meaning ascribed to "establish" is congruent and used interchangeably with the word "construct". Consequently, the words "prior to the construction, establishment, or expansion of nursing home facilities", found in Section 1 of Senate Bill 255, supra, should be interpreted to mean prior to project construction. Also, in support of this construction is the general rule that statutes are to be construed as a prospective only, unless the statutory language expressly allows a retrospective interpretation. This rule is reiterated in Phillips v. H.A. Marr Grocery Co., Okla., 295 P.2d 765, wherein the syllabi read: "Statutes are to be construed as having a prospective operation unless the purpose and intention of the Legislature to give them a retrospective effect is expressly declared or is necessarily implied from the language used. In case of doubt the doubt must be resolved against the retrospective effect. "While the general rule that statutes are construed as prospective only applies to remedial statutes, remedial or procedural statutes which do not create, enlarge, diminish, or destroy vested or contractual rights but relate only to remedies or modes of procedure are generally held to operate retrospectively and to apply to pending actions or proceedings unless such operation or application would adversely affect substantive rights." It is clear that substantive rights might well be affected if this statute were given retrospective effect. There being no express language giving this statute retrospective operation we must conclude that the said statute is prospective in character. It is therefore, the opinion of the Attorney General that your question be answered in the negative. That the law became effective on April 8, 1971. The terms of the Act are prospective in operation, and all construction, establishment and expansion of nursing home facilities begun subsequent to the effective date of this Act are required to make application for a Certificate of Need. Conversely, a Certificate of Need is not required prior to the licensing of a nursing home project which began construction prior to the enactment of Senate Bill 255. (Michael D. Tinney)