Eugene THOMAS, Individually and as the Father of John L. Thomas, Deceased, and as Administrator of the Estate of John L. Thomas, Deceased, Appellant,

v.

CUMBERLAND OPERATING COMPANY, an Oklahoma Corporation, Appellee.

No. 50136.

Supreme Court of Oklahoma.

Sept. 20, 1977.

---

Bailey, Romine & George by Terry Lee George, Okmulgee, for appellant.

Knight & Wagner by Alfred B. Knight, Stephen C. Wilkerson, Tulsa, for appellee.

HODGES, Chief Justice.

The certified order which affects a substantial part of the merits of this controversy is the granting of a partial summary judgment. Interlocutory appeal will materially advance the ultimate determination of this action, and we grant certiorari. The question presented on appeal is the applicable wrongful death statute as it relates to damages for the death of a minor, in an action which arose prior to the effective date of 12 O.S.1975 Supp. § 1055.[1]

An action for wrongful death was filed by Eugene Thomas, individually, and as administrator of the estate of John L. Thomas, deceased, appellant, after his son was fatally injured on May 18, 1975, when he fell from an oil well pump jack on which he was riding. Title 12 O.S.1975 Supp. § 1055 became effective October 1, 1975. This action was filed October 7, 1975, seeking damages recoverable under § 1055. The appellee, Cumberland Operating Company, an Oklahoma corporation, filed a motion for partial summary judgment, alleging that § 1055 was not applicable because it was not effective until after the accident. The application of 12 O.S.1971 § 1053 was urged.[2]

1. It is provided by 12 O.S.1975 Supp. § 1055:

In all actions hereinafter brought to recover damages for the death of an unmarried, unemancipated minor child, the damages recoverable shall include medical and burial expense, loss of anticipated services and support, loss of companionship and love of the child, destruction of parent-child relationship and loss of monies expended by parents or guardian in support, maintenance and education of such minor child, in such amount as, under all circumstances of the case, may be just.

2. It is provided by 12 O.S.1971 § 1053:

When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, or his personal representative if he is also deceased, if the former might have maintained

The trial court ruled that 12 O.S.1975 Supp. § 1055 was inapplicable and certified the question pursuant to 12 O.S.1971 § 952(b)(3).

As a general rule statutes are construed to operate prospectively,[3] unless the legislature clearly expresses an intent that it operate retrospectively.[4] However, legislation which is general in its terms and affects only procedural matters is presumed to have been intended to be applicable to all actions, whether pending or not, absent any expressed intention to the contrary.[5] Remedial or procedural statutes which do not create, enlarge, diminish, or destroy vested or contractual rights, and which relate only to remedies or modes of procedure are generally held to operate retroactively and to apply to pending actions or proceedings, unless such operation would affect substantive rights.[6]

It is asserted by appellant that the statute is remedial and procedural because no new cause of action is created nor is there a change in the monetary amounts which may be recovered as damages.

Wrongful death actions were unknown at common law, and any right of action surviving the decedent exists by virtue of statutory enactment. The damages are limited to the pecuniary benefits lost, through the death, by those specified in the statute.[7] Statutes and amendments imposing, removing or changing a monetary limitation on recovery for personal injuries or death are generally held to be prospective only.[8] All rights of action for the death of a person must depend upon the status of the law at the time of the injury. A statute passed subsequent to the injury increasing the amount recoverable in a wrongful death action creates a new element of damages as distinguished from a new remedy to enforce an existing right. Statutory increases in damage limitations are changes in substantive rights and not mere remedial changes. Therefore, these increases are not applicable retroactively to injuries sustained prior to the effective date of the statute permitting increased recovery.[9]

In *Regan v. Davis*, 290 Pa. 167, 138 A. 751, 54 A.L.R. 1073 (1927) the Legislature enacted a statute which allowed recovery for medical and funeral expenses in addition to damages previously recoverable in wrongful death actions. The Pennsylvania Supreme Court held that the statute afforded new substantive rights, and construed it to operate prospectively because the right of action had accrued when the statute was enacted.

---

an action had he lived, against the latter, or his representative, for an injury for the same act or omission. The action must be commenced within two years. The damages must inure to the exclusive benefit of the surviving spouse and children, if any, or next of kin; to be distributed in the same manner as personal property of the deceased.

3. *Franklin v. Sovereign Camp, W.O.W.*, 145 Okl. 159, 291 P. 513 (1930).

4. *Benson v. Blair*, 515 P.2d 1363 (Okl.1973).

5. *Lavieri v. Ulysses*, 149 Conn. 396, 180 A.2d 632, 98 A.L.R.2d 1096 (1964).

6. *Phillips v. H. A. Marr Grocery Co.*, 295 P.2d 765, 768 (Okl.1956).

7. *Haws v. Luethje*, 503 P.2d 871 (Okl.1972); *Hale v. Hale*, 426 P.2d 681 (Okl.1972).

8. *Unsatisfied Claim & Judgment Fund Bd. v. Bowman*, 249 Md. 705, 241 A.2d 714, 717 (1968); *Monson v. Nelson*, 145 N.W.2d 892 (N.D.1966). See also Annot., "Retroactive effect of statute which imposes, removes or changes a monetary limitation of recovery for personal injury or death." 98 A.L.R.2d 1105 (1964).

9. *Bradley v. Knutson*, 62 Wis.2d 432, 215 N.W.2d 369, 371 (1974).

Several jurisdictions have refused to apply wrongful death statutes prospectively where the amount of recovery was increased or modified by passage of new legislation. See: *Conn v. Young*, 267 F.2d 725, 731 (2nd Cir. 1959); *Zontelli Bros. v. Northern P. Ry. Co.*, 263 F.2d 194, 200 (1959); *Herrick v. Sayler*, 245 F.2d 171, 172 (7th Cir. 1957); *Field v. Witt Tire Co. of Atlanta, Ga.*, 200 F.2d 74, 77 (2nd Cir. 1952); *State ex rel St. Louis–S. F. Ry. Co. v. Buder*, 515 S.W.2d 409, 411 (Mo.1974); *Mihoy v. Proulx*, 313 A.2d 723, 725 (N.H.1973); *Unsatisfied Claim & Judgment Fund Bd. v. Bowman*, supra; *Monson v. Nelson*, supra; *Muckler v. Buchl*, 276 Minn. 490, 150 N.W.2d 689, 697 (1967); *Theodosis v. Keeshin Motor Exp. Co.*, 341 Ill.App. 8, 92 N.W.2d 794 (1950).

■ The Michigan Supreme Court in *Straub v. Andrews*, 295 Mich. 129, 294 N.W. 121, 122 (1940) considered the effect of a wrongful death statute permitting recovery of new damages which became effective a few days after decedent's death. The statute § 27.711 provided:

"All actions for such death or injuries resulting in death shall *hereafter* be brought only under this act."

The act in question did not become effective until after the institution of the action. The Court held that the legislative intent was that the statute should apply only to actions commenced after the effective date. There was no statement in the statute indicating that a contrary result was intended, nor is there any statement in § 1055 indicating a contrary intention. We concur with the opinion in *Straub v. Andrews* where the Court held where by its terms a statute is to apply "hereafter" it is prospective only in operation.

In previous cases decided under 12 O.S. 1971 § 1053 the Oklahoma Supreme Court determined the measure of parents' damages for their minor child's death to be limited to pecuniary loss.[10] The loss was determined by the sums of money and the acts and services of a pecuniary value which the child was likely to contribute to the parent during his lifetime, except for the wrongful death. Recovery by the parent for educational expenses was specifically denied in *Venable v. Burton*, 363 P.2d 224, 229 (Okl.1961), and a remittitur of $10,000 was ordered because the deceased child was "merely a student." In *National Tank Co. v. Scott*, 191 Okla. 613, 130 P.2d 316 (Okl. 1942) the Court cited *Blunt v. Chicago, R. I. & P. Ry. Co.*, 70 Okl. 149, 173 P. 656 for the proposition that it was error to permit recovery for the loss of society and association of the deceased child in a wrongful death action.

■ Under the great weight of authority, the measure and elements of damages are matters pertaining to the substance of the right and not to the remedy.[11] We find that the statute in question is not purely procedural. On the contrary, it deals with substantive rights. Several new elements of damages were created by the enactment of 12 O.S.1975 Supp. § 1055: recovery for loss of companionship and love of the child; destruction of the parent-child relationship, and recoupment of monies expended by parents in support, maintenance, and education of the deceased minor child. The statute permits newly recoverable damages upon the wrongful death of a minor child which were non-existent at common-law and non-recoverable under previous case law. It creates and enlarges the substantive rights of the survivors in the wrongful death action of a minor child. It can not, therefore, be held to be a purely procedural statute.

AFFIRMED.

HODGES, C. J., LAVENDER, V. C. J., and DAVISON, WILLIAMS, IRWIN, BERRY, BARNES and SIMMS, JJ., concur.

---

**10.** See: *Rogers v. Worthan*, 465 P.2d 431 (Okl. 1970); *Stevens v. Schickendanz*, 316 P.2d 1111 (Okl.1957).

The Colorado Supreme Court in *Jones v. Hildebrant*, 550 P.2d 339, 342 (Colo.1976) recently held that the net pecuniary loss rule was not unconstitutional, and that absent a statutory provision permitting recovery for loss of comfort, society, and protection in a wrongful death action brought by the mother of a minor son, these elements of damages were not recoverable.

**11.** *Anderson Thompson, Inc., v. Logan Grain Supply*, 238 F.2d 598, 602 (10th Cir. 1956).