**MFA INSURANCE COMPANY, Intervenor-Petitioner,**

v.

**David Charles HANKINS, a minor, by and through his Father, Charles S. Hankins, Plaintiff-Respondent,**

and

**David Eric Smith, Defendant-Respondent.**

No. 52336.

Supreme Court of Oklahoma.

April 22, 1980.

---

Best, Sharp, Thomas & Glass, Joseph F. Glass, Joseph A. Sharp, William F. Smith, Tulsa, for intervenor-petitioner.

Jack B. Sellers Law Associates, Inc., by Jack B. Sellers, Sapulpa, for plaintiff-respondent.

Ray H. Wilburn, Tulsa, for defendant-respondent.

BARNES, Justice:

This case involves a one-vehicle accident which occurred on April 24, 1974, in Creek County. The plaintiff, David Charles Hankins, a minor, by and through his father, brought a personal injury action against David Eric Smith in the District Court of Creek County. Thereafter, on April 6, 1977, plaintiff notified *his own insurance carrier*, MFA Insurance Company, that 36 O.S. § 3636(C) of the Uninsured Motorist Statute, as amended, effective March 16, 1976, which created underinsured motorist coverage, was procedural in nature and would therefore be applied retroactively to encompass any liability in excess of the insurance coverage carried by the defendant in the Creek County case.

MFA was granted leave to intervene, and it submitted demurrers and motions denying its liability under the Uninsured Motorist provision. The Trial Court overruled MFA's motions implicitly holding that the amendments to 36 O.S. § 3636(C) were retroactive in effect. MFA then requested the Honorable Trial Judge to certify the question of retroactive application of the statute on an interlocutory basis to this Court. MFA argued that such a determination would materially advance the ultimate determination of the litigation. The question was certified, and MFA then petitioned this Court, pursuant to 12 O.S., Chap. 15, App. 2, Rule 1.52, to grant a Writ of Certiorari and consider the Certified Interlocutory Order.

We granted certiorari because the question raised is one of first impression and of great importance, and because our answering the question on an interlocutory basis will certainly materially affect the litigation.

In 1968, the Oklahoma Legislature enacted 36 O.S.1971, § 3636,[1] to govern the issuance of uninsured motorist protection. The statute as originally enacted and interpreted by this Court in *Simmons v. Hartford Accident & Indemnity Co.*, Okl., 543 P.2d 1384 (1975), did not provide for *under* insured motorist coverage. In *Simmons* the plaintiff was an injured passenger of a car involved in an accident, and he sought to recover from the driver's insurance carrier, as well as his own, under the uninsured motorists clause in his policy. In that case we stated:

"It is the province of this Court to interpret the statute, and the fact that it [the statute] does not provide adequate minimums to take care of Appellant's injuries is a matter for the Legislature to correct, rather than one for this Court to rewrite. * * * Under the present uninsured motorist statute a driver or car is insured if it has minimum coverage of $5,000.00 for one person and $10,000.00 for two or more persons injured in one accident. We do not interpret this to mean a minimum of $5,000.00 for each individual who might be injured." 543 P.2d at pp. 1387–1388.

In 1976, the Legislature rewrote the statute broadening the scope of the uninsured motorist provision to include underinsured motorist coverage by adding the following to 36 O.S. § 3636(C):

"(C) For the purposes of this coverage the term 'uninsured motor vehicle,' shall include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency *or whose liability insurer for any reason either cannot or is not legally required to accord at least the per person coverage limits with respect to the legal liability of its insured, applicable to any injured party under any uninsured motorist coverage*

*covering such injured party."* [Emphasis added]

The amendment became effective March 16, 1976. The contention of the plaintiff below that MFA would be liable for any liability in excess of the defendant's insurance coverage is based solely upon the retroactivity of the amended statute. Thus, in order to prevail against MFA, the plaintiff must demonstrate that the statute was intended to be applied retroactively.

In *State v. Engineered Coatings*, Okl., 542 P.2d 508 (1975), this Court stated the following general rule of statutory construction:

"Statutes are to be construed as having a prospective operation unless the purposes and intention of the Legislature to give them a retroactive effect is expressly declared, or is necessarily implied from the language used. * * * In every case of doubt the doubt must be resolved against the retrospective effect." 542 P.2d at p. 509.

See also *Thomas v. Cumberland Operating Co.*, Okl., 569 P.2d 974 (1977); *Mid-Continent Casualty Co. v. P & H Supply, Inc.*, Okl., 490 P.2d 1358 (1971); *and Phillips v. H. A. Marr Grocery Co.*, Okl., 295 P.2d 765 (1956).

The plaintiff argues that the statute was merely remedial and procedural in effect and therefore should be held to operate retroactively. In *Thomas, supra*, a father sought damages for the wrongful death of his son pursuant to 12 O.S. Supp. 1975, § 1055, which became effective October 1, 1975. The son was fatally injured on May 18, 1975, prior to the effective date of the statute. Section 1055 created new items of damage recoverable in the wrongful death action involving a minor. In that case, we rejected the argument that Section 1055 was merely remedial, stating:

" * * * Remedial or procedural statutes which do not create, enlarge, dimin-

1. Title 36 O.S. § 3636(C), prior to its 1976 amendment, provided:

"(C) For the purposes of this coverage the term 'uninsured motor vehicle', shall, subject to the terms and conditions of such coverage,

be deemed to include an insured motor vehicle where the liability insurer thereof is unable to make payment with respect to the legal liability of its insured within the limits specified therein because of insolvency."

ish, or destroy vested or contractual rights, and which relate only to remedies or modes of procedure are generally held to operate retroactively and to apply to pending actions or proceedings, unless such operation would affect substantive rights." 569 P.2d at p. 976.

We went on to observe, however, that:

" * * * Statutes and amendments imposing, removing or *changing a monetary limitation* on recovery for personal injuries or death *are generally held to be prospective only.* * * * A statute passed subsequent to the injury increasing the amount recoverable in a wrongful death action creates a new element of damages as distinguished from a new remedy to enforce an existing right. *Statutory increases in damage limitations are changes in substantive rights and not mere remedial changes.* Therefore, these increases are not applicable retroactively to injuries sustained prior to the effective date of the statute permitting increased recovery." Id. [Emphasis added]

The 1976 amendment to 36 O.S. § 3636(C) does just that—it increases the damage limitations covered by uninsured motorist protection, and thus affects the *substantive rights of litigants.* It is, therefore, not purely procedural. Thus, we hold that the statute before us is *not* effective retroactively. This being the case, we reverse the Interlocutory Order of the Trial Court, which by implication held the statute to be retroactive.

CERTIFIED INTERLOCUTORY ORDER OF THE TRIAL COURT REVERSED.

All the Justices concur.