Marilyn I. ROACH and Joy Warren, individually; and Joy Warren as personal representative of the Estate of Jay D. Dillon, deceased; and Jerry Dillon, Plaintiffs,

and

Brenda Carr, individually; Brenda Carr, Guardian of the person and estate of Shane J. Dillon, a minor child; Brenda Carr, as surviving parent of Miranda J. Dillon, deceased; Brenda Carr, as surviving parent of Jodi Lee Dillon, deceased; Brenda Carr, as surviving parent of Katie Alison Dunsworth, deceased; Additional Plaintiffs/Petitioners,

v.

JIMMY D. ENTERPRISES, LTD. d/b/a Frisco Bar; James A. Dempewolf; John A. McClung d/b/a Pond Creek Country Club; and the Estate of Orville Virgil Rathjen, Defendants/Respondents.

No. 83534.

Supreme Court of Oklahoma.

Feb. 27, 1996.

As Corrected March 4, 1996.

15. Title 36 O.S.1991 § 3636, see note 3, supra;    see the contractual language, note 4, supra.

Alec McNaughton, Susan McNaughton, John M. Jameson, Norman, Edem, McNaughton & Wallace, Enid, for Plaintiffs Marilyn I. Roach, Joy Warren, Joy Warren as representative for the Estate of Jay D. Dillon, deceased, and Jerry Dillon.

Roger L. Johnston, Johnston & Hladik, Enid, Guardian Ad Litem for Shane Dillon.

Craig L. Box, Brian N. Lovell, Gungoll, Jackson, Collins, & Box, P.C., Enid, for Plaintiff Brenda Carr, Guardian of Shane Jay Dillon, and surviving parent of Miranda Jay Dillon, Jodi Lee Dillon and Katie Alison Dunsworth.

David D. Wilson, Tim Cain, Larry W. Dixon, Wilson, Cain & McAtee, Oklahoma City, for Defendant/Respondent Estate of Orville Rathjen.

Stephen Jones, Michael D. Roberts, Jones & Wyatt, Enid, for Defendants/Respondents, Jimmy D. Enterprises, Ltd., d/b/a Frisco Bar; James A. Dempewolf; and John A. McClung d/b/a Pond Creek Country Club.

John S. Thomas, Enid, Administrator of the Estate of Orville Virgil Rathjen, deceased.

LAVENDER, Justice.

The question presented for our determination is whether 12 O.S. 1991 §§ 1053–55 should be read in conjunction with one another and allow for the recovery of punitive damages where appropriate in an action for the wrongful death of a minor. We answer affirmatively.

## I. FACTS and PROCEDURAL HISTORY

On October 4, 1992, Orville Virgil Rathjen (Rathjen) was driving his car north on a 4–lane divided highway in Enid, Oklahoma. A head-on collision occurred between the vehicle driven by Rathjen and one driven by Jay D. Dillon, (Dillon) in which four minor children were passengers. Three of the minor children were killed. Dillon died of his injuries. Plaintiff Brenda Carr, (Carr) mother of the children, brought a wrongful death action in her individual capacity and as the surviving parent of the three deceased children, against the estate of Rathjen and the owners of two drinking establishments that Rathjen had visited before the accident.

Plaintiffs filed petitions alleging 1) Rathjen was negligently driving his vehicle on the wrong side of the road, and this negligence was the proximate cause of Plaintiffs' damages; 2) Rathjen was intoxicated, having a blood alcohol content twice the legal limit; and 3) as a direct result of the collision, three minor children died, the other minor child was severely injured, and the driver of the vehicle, Dillon was fatally injured. All plaintiffs sought compensatory and punitive damages.

Jimmy D. Enterprises, Ltd. d/b/a FRISCO BAR, James A. Dempewolf, John A. Mcclung d/b/a Pond Creek Country Club, and the Estate of Orville Virgil Rathjen, (Defendants) filed motions for summary judgment claiming that since 12 O.S. 1991 § 1055 does not mention punitive damages as a type of recovery for the wrongful death of a minor,

plaintiffs are foreclosed from seeking punitive damages. Plaintiffs argued that § 1055 should be read in conjunction with 12 O.S. 1991 § 1053, which creates the cause of action for wrongful death and allows recovery of punitive damages. After a hearing, the trial court granted Defendants' motion and ruled the jury would not be instructed on the issue of punitive damages for the wrongful deaths of the minor children. The trial judge certified this order for immediate review pursuant to 12 O.S. 1992 § 952(b)(3). We granted certiorari to review the certified interlocutory order entered by the trial judge. Holding that the provisions of 12 O.S. 1991 §§ 1053–54 should be read together to include punitive damages for the wrongful death of a minor child, we reverse the certified interlocutory order of the trial court.

## II. REVIEW OF A CERTIFIED INTERLOCUTORY ORDER

■ An interlocutory order is an order that is not final. The issuance of an interlocutory order does not prevent the parties to the order from trying the issues on the merits. An interlocutory order is not subject to appeal unless it falls within a class of interlocutory orders appealable as of right or is certified by the trial court for immediate review because it affects a substantial part of the merits of the controversy. *DLB Energy Corp. v. Oklahoma Corporation Commission*, 805 P.2d 657 (Okla.1991); *see also Lambert v. Town of Stringtown*, 834 P.2d 955 (Okla. 1992) (holding an interlocutory order is not appealable unless a statutory exception such as appears in 12 O.S. 1991 §§ 952, or 953 applies).

Oklahoma Statute, title 12, Section 952(b)(3) provides in pertinent part:

(b) The Supreme Court may reverse, vacate or modify any of the following orders of the district court, or a judge thereof: ... 3. An other order, which affects a substantial part of the merits of the controversy when the trial judge certifies that an immediate appeal may materially advance the ultimate termination of the litigation; provided, however, the Supreme Court, in its discretion, may refuse to hear the appeal.

The definition of the word "merits" is well settled in case law. It signifies the real or substantial grounds of the action or of a defense. Practice, procedure, and evidence are not embraced by the term. *Pierson v. Canupp*, 754 P.2d 548, 551 (Okla.1988); *Roark v. Shelter Mutual Ins. Co.*, 731 P.2d 389 (Okla.1986) (Opala, J., dissenting); *Tidmore v. Fullman*, 646 P.2d 1278 (Okla.1982) (Opala, J., dissenting).

In *Thomas v. Cumberland Operating Co.*, 569 P.2d 974 (Okla.1977), this court addressed the question as to whether a statute passed subsequently to an injury which increased the amount recoverable in a wrongful death action created a new element of damages as distinguished from a new remedy to enforce an existing right. The case was certified to this court by the trial judge on a certified interlocutory appeal. Appellee asserted in *Thomas* that the statute was remedial and procedural because no new cause of action was created nor was there a change in the monetary amounts which could be recovered as damages. We said that:

Statutes and amendments imposing, removing or changing a monetary limitation on recovery for personal injuries or death are generally held to be prospective only. All rights of action for the death of a person must depend upon the status of the law at the time of the injury. A statute passed subsequent to the injury increasing the amount recoverable in a wrongful death action creates a new element of damages as distinguished from a new remedy to enforce an existing right. Statutory increases in damage limitations are changes in substantive rights and not mere remedial changes.

. . . .

Under the great weight of authority, the measure and elements of damages are matters pertaining to the substance of the right and not to the remedy. We find that the statute in question is not purely procedural. On the contrary, it deals with substantive rights .... It creates and enlarges the substantive rights of the survivors in the wrongful death action of a minor child.

*Id.* at 976–77 (footnotes omitted). *Accord Majors et al. v. Good et al.,* 832 P.2d 420 (Okla.1992).

The issue in *Thomas* was whether Okla. Stat. tit. 12, § 1055 (Supp.1975), should be applied retroactively. Section 1055 increased the benefits for wrongful death. This Court held that "[s]tatutory increases in damage limitations are changes in substantive rights and not mere remedial changes." Of no less effect are the statutory limitations on all recoverable damages. Limitations on damages, whether actual or punitive, can constitute changes in substantive rights.

*Id.* at 422 (footnotes omitted).

In *Reynolds v. Porter,* 760 P.2d 816 (Okla. 1988), the trial court certified for this court's review an interlocutory order regarding the constitutionality of the statute's three-year proviso limiting the scope of recoverable damages for malpractice actions brought more than three years from the date of the injury. We accepted the appeal and held the statute unconstitutional under Article 5, § 46 of the Oklahoma Constitution as a special statute of limitation.

■■■ This line of cases maintains that both statutory increases in actual and punitive damages as well as a question regarding the constitutionality of statutory limitations on damages involve issues appropriate for interlocutory certification. In the case presented, we are asked to resolve whether title 12 O.S. 1991 §§ 1053–55 should be read in conjunction with one another and allow for the recovery of punitive damages where appropriate in an action for the wrongful death of a minor. We hold that under *Thomas* and progeny, the question as to the applicability of these statutes regarding Plaintiffs' right to assert a claim for punitive damages involves a question appropriate for interlocutory certification.

The order denying Plaintiffs the right to assert a claim for punitive damages under 12 O.S. 1992 § 952(b)(3) for the wrongful death action of a minor where appropriate affects a substantial part of the merits of the controversy and the issue would materially advance the ultimate termination of the litigation. We accept the certified interlocutory order on appeal to this court and now answer the question presented on appeal.

### III. ANALYSIS

■■ Prior to changes in wrongful death statutes, punitive damages were not recoverable in cases involving the wrongful death of a child. *Mathies v. Kittrell,* 350 P.2d 951 (Okla.1960). Beginning in the 1970's, the damages recoverable for wrongful death were significantly expanded and 12 O.S. 1991 § 1053.C now allows for the recovery of punitive damages in certain wrongful death cases. There is, however, a separate wrongful death statute relating to minors, 12 O.S. 1991 § 1055, which lists damages included in recovery. Section 1055 provides:

In all actions hereinafter brought to recover damages for the death of an unmarried, unemancipated minor child, the damages recoverable shall include medical and burial expense, loss of anticipated services and support, loss of companionship and love of the child, destruction of parent-child relationship and loss of monies expended by parents or guardian in support, maintenance and education of such minor child, in such amount as, under all circumstances of the case, may be just.

A discussion of § 1055 was had by this court in *Gaither by and through Chalfin v. City of Tulsa,* 664 P.2d 1026 (Okla.1983). In *Gaither,* a minor child was drowned in a drainage sewer while playing in flood waters. The mother brought a wrongful death action against the City of Tulsa, alleging negligence in the maintenance of the sewer. This court held that § 1055 allows recovery of damages for the wrongful death of a child and that §§ 1053, 1054, and 1055 should be read together and not exclusive of one another. We applied § 1054, which delineates who may sue in a wrongful death action, to answer question left unanswered by § 1055. Further, we found that the part of § 1053 that allows recovery for grief and loss of companionship applies to an action for a child's wrongful death. *Id.* at 1030.

The *Gaither* case did not discuss whether punitive damages could be recovered under § 1055. However, such a finding would be

consistent with our *Gaither* holding that these three statutes should be read in conjunction with one another. *Accord Weavel v. U.S. Fidelity & Guar. Co.,* 852 P.2d 783 (Okla.Ct.App.1993) (holding that §§ 1053, 1054, and 1055 must be read together). In any event, it is apparent from a plain reading of the statutes, that § 1053(C) is a remedy specifically created by the Legislature to be awarded in appropriate cases in addition to damages allowed for in wrongful death cases with respect to adults as set forth in § 1053(B) and those provided for minors as found in § 1055.

Based on our review of the relevant provisions and this court's previous ruling in *Gaither,* §§ 1053, 1054, and 1055 of title 12 of the Oklahoma Statutes should be read in conjunction with and not to the exclusion of one another. Therefore, the damages recoverable for the wrongful death of a minor as enumerated in § 1055 are not exclusive, but shall include punitive damages where appropriate, as provided in § 1053(C). This opinion does not decide if punitive damages are appropriate in this case as that decision is for the trial court to make following a trial on the merits.

### CONCLUSION

For the reasons discussed, the certified interlocutory order entered by the trial court is **REVERSED.** The cause is **REMANDED** for further proceedings consistent with this opinion.

ALMA WILSON, C.J., KAUGER, V.C.J., and HARGRAVE, OPALA and WATT, JJ., concur.

SUMMERS, J., concur in part; dissent in part.

HODGES and SIMMS, JJ., dissent.