OSCN Found Document:PLUMLEY v. STATE

 
 
 

 
 
 
 
 
 
 
 

 


 
 
 
 
 
 


 
 OSCN navigation


 
 
 Home

 
 Courts

 
 
 Court Dockets
 

 
 Legal Research

 
 Calendar

 
 Help
 
 





 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only
 
 
 
 
 

 
 
 
 PLUMLEY v. STATE
2017 OK CIV APP 26
Case Number: 114423
Decided: 04/07/2017
Mandate Issued: 05/11/2017
DIVISION IV
THE COURT OF CIVIL APPEALS OF THE STATE OF OKLAHOMA, DIVISION IV
Cite as: 2017 OK CIV APP 26, __ P.3d __

 

MICHAEL PLUMLEY, Plaintiff/Appellee,
v.
STATE OF OKLAHOMA, Defendant/Appellant.

APPEAL FROM THE DISTRICT COURT OF
OKLAHOMA COUNTY, OKLAHOMA

HONORABLE BRYAN C. DIXON, TRIAL JUDGE

AFFIRMED

John Hunsucker, Douglas J. Baxter, Richard D. Laquer, HUNSUCKER LEGAL GROUP, Oklahoma City, Oklahoma, for Plaintiff/Appellee
Leann C. Paczkowski, ASSISTANT DISTRICT ATTORNEY, Oklahoma City, Oklahoma, for Defendant/Appellant State of Oklahoma
John Justin Wolf, ASSISTANT GENERAL COUNSEL, OKLAHOMA STATE BUREAU OF INVESTIGATION, Oklahoma City, Oklahoma, for Oklahoma State Bureau of Investigation

DEBORAH B. BARNES, PRESIDING JUDGE:

¶1 Defendant/Appellant State of Oklahoma (State) appeals from the trial court's Order granting the petition to seal and expunge records of Plaintiff/Appellee (Petitioner).[1] The statute at issue in this case - 22 O.S. § 18 - is remedial or procedural in nature, applies retroactively, and has been amended (in 2016) in a manner that requires we affirm the granting of the petition by the trial court.

¶2 The facts of this case are not in dispute. As set forth in the trial court's Order, Petitioner was arrested by the Oklahoma City Police Department on July 12, 2012, and charged with a "Misdemeanor Driving Under the Influence (DUI) . . . ." In December 2012, Petitioner entered a no contest plea to this charge, and he was "placed on a 6-month-continued sentence and successfully completed this probationary period on June 6, 2013."

¶3 Petitioner was also charged under a separate case number "with speeding 1-10 miles per hour over the posted speed limit . . . ." However, the parties agree the misdemeanor DUI charge and the speeding violation both arose from the same incident which resulted in Petitioner's arrest on July 12.[2] In the case involving the speeding charge, Petitioner also pled no contest and, as a penalty, he paid a fine in the amount of $232 for speeding.

¶4 In July 2015, Petitioner filed his petition to expunge "the record of arrest and all matters and Information relating" thereto. State objected to the petition.[3] In its brief in support of its objection, State asserted that because Petitioner had received not one but two misdemeanor convictions - i.e., the DUI and speeding convictions - "he does not qualify for relief under 22 O.S. § 18(A)(8)."

¶5 Title 22 O.S. § 18 authorizes one to petition to expunge criminal records under various circumstances. State asserted below that § 18 "establishes that a petitioner must meet one of twelve different qualifications before being entitled to petition the court for an expungement of criminal records[.]" State then quoted the version of § 18 in effect between November 1, 2014, and November 1, 2016. In particular, State quoted the following from § 18, adding its own emphasis:

8. The person was charged with a misdemeanor, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a misdemeanor or felony, no misdemeanor or felony charges are pending against the person, and at least one (1) year has passed since the charge was dismissed[.]

¶6 Indeed, because Petitioner filed his petition in July 2015, this is the version of the statute under which he sought expungement. However, we conclude State's argument is rendered moot because, in 2016, the Legislature removed the word "misdemeanor" from the above-quoted, and emphasized, portion of the statute, and we conclude the current version of this procedural or remedial statute applies to this case.

¶7 The question presented on appeal is one of law, which we review de novo. Holder v. State, 2009 OK CIV APP 1, ¶ 4, 219 P.3d 562. Section 18, amended effective November 1, 2016, now reads:

A. Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:

. . . ;

8. The person was charged with a misdemeanor, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person, and at least one (1) year has passed since the charge was dismissed[.]

(Emphasis added.) As indicated above, State's sole argument is that the language in the prior version of the statute - "the person has never been convicted of a misdemeanor" - prevents Petitioners from qualifying to petition for expungement because he had an additional misdemeanor (the speeding violation). However, because this language has been removed by the Legislature, State's argument is mooted if the current version of the statute applies to this case.

¶8 For the following reasons, we conclude the current version of § 18 applies to this case, and State does not argue otherwise.[4] Generally, "a statute or its amendments will have only prospective effect unless [the statute] clearly provides otherwise." Hammons v. Muskogee Med. Ctr. Auth., 1985 OK 22, ¶ 6, 697 P.2d 539 (footnote omitted). "However, remedial or procedural statutes which do not create, enlarge, diminish, or destroy vested rights may operate retrospectively, and apply to pending actions or proceedings." Forest Oil Corp. v. Corp. Comm'n of Okla., 1990 OK 58, ¶ 11, 807 P.2d 774 (footnotes omitted). "A purely procedural change is one that affects the remedy only, and not the right." Id. (footnote omitted).

¶9 The statute in question states that a person must "be within one" of the listed "categories" to be "authorized to file a motion for expungement[.]" Hence, § 18 merely sets forth who qualifies to file a motion for expungement. See Holder v. State, 2009 OK CIV APP 1, ¶ 5, ("When an individual establishes that one of the § 18 circumstances is shown to exist, a prima facie showing of harm is made," and "[w]ith this showing, the burden shifts to the opposing party . . . to prove the public interest in keeping the records does not harm privacy interests and serves the ends of justice.") (internal quotation marks omitted) (citations omitted).

¶10 That is, 22 O.S. Supp. 2016 § 19(A) provides that "[a]ny person qualified under Section 18 of this title may petition the district court of the district in which the arrest information pertaining to the person is located for the sealing of all or any part of the record, except basic identification information." (Emphasis added.) Thus, qualifying under one of the categories listed in § 18 merely allows one to petition for expungement and, thereby, make a prima facie showing of harm. As set forth in § 19(B), the district court must then "set a date for a hearing" and provide notice of the hearing "to the prosecuting agency, the arresting agency, the Oklahoma State Bureau of Investigation, and any other person or agency whom the court has reason to believe may have relevant information related to the sealing of such record." Moreover, only "[u]pon a finding that the harm to privacy of the person in interest or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records," "may" the district court "order such records, or any part thereof except basic identification information, to be sealed." § 19(C).

¶11 We conclude § 18 is solely remedial or procedural in nature - it does not constitute a substantive change that alters any vested right, punishment, or obligation of Petitioner; rather, § 18 simply sets forth who qualifies to petition for the remedy, or privilege, of expungement. Forest Oil, 1990 OK 58, ¶ 11; Steidley v. Cmty. Newspaper Holdings, Inc., 2016 OK CIV APP 63, ¶ 12, 383 P.3d 780. See State v. Heaton, 669 N.E.2d 885, 887 (Ohio Ct. App. 1995) ("Expungement is a matter of privilege, never of right.") (citation omitted). See also In re Dyer, 163 S.W.3d 915, 919 (Mo. 2005) (en banc) ("[The petitioner] has never had a substantive or vested right in expungement of his arrest record[.]"); People v. Link, 570 N.W.2d 297, 299 (Mich. Ct. App. 1997) ("[W]e conclude that the expungement statute is remedial and that it does not create new or destroy existing rights."); State v. T.P.M., 460 A.2d 167, 171-72 (N.J. Super. Ct. App. Div. 1983) ("[T]he expungement statute is a remedial, not a punitive statute," and "the possible availability of an expungement . . . relates to neither the form of sentence nor the extent of punishment"; rather, an "interest in expungement" is "only in obtaining a potential remedy, not retaining something which has already inured to [one's] benefit.").

¶12 The ability of Petitioner to qualify under § 18 to petition to expunge his DUI misdemeanor (and thereby make a prima facie showing, as set forth above) was never a vested right. The inverse is also true: the inability of Petitioner to qualify to petition to expunge his DUI misdemeanor conviction was never part of his sentence or punishment and, thus, the broadening of the categories of qualification for expungement does not serve to lessen (or increase) his sentence for the crime committed. Indeed, § 18(8) requires, among other things, that "the charge was dismissed following the successful completion of a deferred judgment or delayed sentence" before one can qualify to petition for expungement under that provision. (Emphasis added.)

¶13 The 2016 statutory amendment does not create, enlarge, diminish, or destroy any vested rights of Petitioner, and it does not enlarge or decrease his punishment; rather, it is strictly remedial or procedural. Therefore, it "may operate retrospectively, and apply to pending actions or proceedings," Forest Oil, 1990 OK 58, ¶ 11 (footnotes omitted), and we conclude it so operates and applies in this proceeding.[5]

¶14 In addition, there is no potential ex post facto violation in this case because the 2016 amendment to § 18(A)(8) decreases the constraints on expungement. Ex post facto laws or amendments are those that operate or are imposed "to the disadvantage of the accused." Starkey v. Okla. Dep't of Corr., 2013 OK 43, ¶ 37, 305 P.3d 1004 (citation omitted). "It has been the rule in Oklahoma that a law is within the protection of the provision when it inflicts a greater punishment than the law annexed to the crime at [the] time it was committed or alters [the] situation of accused to his disadvantage." Id. (internal quotation marks omitted) (citation omitted). The 2016 amendment is, if anything, to the advantage, not disadvantage, of Petitioner.

¶15 For these reasons, we conclude the current version of § 18 - i.e., 22 O.S. Supp. 2016 § 18 - applies to this case and, therefore, State's sole argument - that the person seeking expungement must have never been convicted of another misdemeanor - is rendered moot because the current version of the portion of the statute relied upon by State limits expungement only where the "person has never been convicted of a felony[.]" Because it is undisputed the speeding violation was not a felony, we affirm the trial court's Order granting Petitioner's petition for expungement.[6]

¶16 AFFIRMED.

THORNBRUGH, V.C.J., and WISEMAN, J., concur.

FOOTNOTES

[1] On appeal, the City of Oklahoma City filed an entry of appearance and response to the Petition in Error, but no appellate brief.

[2] As State asserts in its appellate brief, "This case originates from an arrest that occurred on July 12, 2012, when [Petitioner] was arrested by the Oklahoma City Police Department for Driving Under the Influence of Alcohol and Speeding 1-10 miles per hour over the limit."

[3] That is, the Oklahoma State Bureau of Investigation filed an "Entry of Appearance and Objection to the Petition" in August 2015.

[4] In fact, State has not even raised the issue of whether the version of the expungement statute in effect at the time of Petitioner's DUI and speeding offenses in July 2012 should be applied. The version of § 18(8) in effect in July 2012 (first enacted in 2009) states that one qualifies to petition for expungement if: "8. The offense was a misdemeanor, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the judgment was entered[.]" (Emphasis added.) Clearly, Petitioner would not qualify for expungement under this particular provision until a much later date if the law in effect in July 2012 applied to this case. The version of the statute upon which State relies is simply the version of the statute in effect at the time State was making its argument.

[5] The Oklahoma Supreme Court has repeatedly held over the years that "legislation which is general in its terms and affects only procedural matters is presumed to have been intended to be applicable to all actions, whether pending or not, absent any expressed intention to the contrary" and "unless such operation would affect substantive rights." Thomas v. Cumberland Operating Co., 1977 OK 164, ¶ 4, 569 P.2d 974 (emphasis added) (footnotes omitted). See also Gray v. Gray, 1969 OK 125, ¶ 19, 459 P.2d 181 ("Statutes relating only to remedies or modes of procedure generally are held to . . . apply to pending actions or proceedings unless operation or application would adversely affect substantive rights."); Phillips v. H.A. Marr Grocery Co., 1956 OK 104, ¶ 0, 295 P.2d 765 (Syllabus by the Court) ("[R]emedial or procedural statutes which do not create, enlarge, diminish, or destroy vested or contractual rights but relate only to remedies or modes of procedure are generally held to operate retrospectively and to apply to pending actions or proceedings, unless such operation or application would adversely affect substantive rights."). In more recent cases, the Supreme Court has similarly stated as follows:

Legislation that is general in its terms and impacts only matters of procedure is presumed to be applicable to all actions, even those that are pending. Statutes that relate solely to remedies and hence affect only modes of procedure - i.e., enactments which do not create, enlarge, diminish, or destroy accrued or contractual rights - are generally held to operate retroactively and apply to pending proceedings (unless their operation would affect substantive rights).

Cole v. Silverado Foods, Inc., 2003 OK 81, ¶ 8, 78 P.3d 542 (emphasis omitted) (footnotes omitted). Hence, "amendments relating solely to remedies and affecting modes of procedure do operate retrospectively and apply to pending proceedings. This exception cannot be invoked, however, if the amendment represents more than a mere procedural reform and intrudes upon substantive rights." Am. Airlines Inc. v. Crabb, 2009 OK 68, ¶ 12, 221 P.3d 1289 (citations omitted). We interpret these statements to mean that, so long as the legislative amendment is procedural or remedial and does not create, enlarge, diminish, or destroy accrued or contractual rights, it applies even when the amendment occurs during the pendency of an appeal. The Supreme Court of Alabama has addressed this issue directly:

Remedial statutes are exemplified by those that impair no contract or vested right, . . . but preserve and enforce the right and heal defects in existing laws prescribing remedies. Such a statute may be applied on appeal, even if the effective date of that statute occurred while the appeal was pending, and even if the effective date of the statute was after the judgment in the trial court.

Ex parte Bonner, 676 So. 2d 925, 926-27 (Ala. 1995) (internal quotation marks omitted) (emphasis omitted) (citations omitted). See also City of Clovis v. Cty. of Fresno, 166 Cal. Rptr. 3d 763, 775 (Cal. Ct. App. 2014) ("[W]hen statutes are remedial or procedural, courts consistently apply them in cases pending, including cases pending on appeal, when the statutes become effective, even though the underlying facts predate their effective dates. Courts apply new laws in that situation unless there is evidence of a legislative intent not to do so."). At least two jurisdictions have adopted a somewhat more restricted version of this rule. See City Council of Waltham v. Vinciullo, 307 N.E.2d 316, 319 (Mass. 1974) ("[S]tatutes which are remedial or procedural should be deemed to apply retroactively to those pending cases which, on the effective date of the statute, have not yet gone beyond the procedural stage to which the statute pertains.") (emphasis added); Workplace Sys., Inc. v. CIGNA Prop. & Cas. Ins. Co., 723 A.2d 583, 584 (N.H. 1999). Although the more restricted rule does not appear to be unreasonable, it is inconsistent with case law in Oklahoma, as demonstrated above, which prevents retroactive application of procedural or remedial legislation only where the Legislature has "expressed intention to the contrary" or where "such operation would affect substantive rights." Thomas, 1977 OK 164, ¶ 4. Because no contrary intention is expressed in the legislation at issue, and because operation of the 2016 amendment does not affect substantive rights, we conclude it applies to the present case.

[6] We note that Petitioner's request for appeal-related costs and attorney fees inserted in his appellate brief does not comport with the mandatory requirements of Oklahoma Supreme Court Rule 1.14.






 Citationizer© Summary of Documents Citing This Document
 
 
 Cite
 Name
 Level
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 Cite
 Name
 Level
 
 
 Oklahoma Court of Civil Appeals Cases
 Cite
Name
Level

 2009 OK CIV APP 1, 219 P.3d 562, HOLDER v. STATE
Discussed at Length
 2016 OK CIV APP 63, 383 P.3d 780, STEIDLEY v. COMMUNITY NEWSPAPER HOLDINGS, INC.
Discussed
Oklahoma Supreme Court Cases
 Cite
Name
Level

 1990 OK 58, 807 P.2d 774, 61 OBJ 1765, Forest Oil Corp. v. Corporation Com'n of Oklahoma
Discussed at Length
 1956 OK 104, 295 P.2d 765, PHILLIPS v. H.A. MARR GROCERY COMPANY
Discussed
 1969 OK 125, 459 P.2d 181, GRAY v. GRAY
Discussed
 2003 OK 81, 78 P.3d 542, COLE v. SILVERADO FOODS, INC.
Discussed
 2009 OK 68, 221 P.3d 1289, AMERICAN AIRLINES INC. v. CRABB
Discussed
 2013 OK 43, 305 P.3d 1004, STARKEY v. OKLAHOMA DEPARTMENT OF CORRECTIONS
Discussed
 1977 OK 164, 569 P.2d 974, THOMAS v. CUMBERLAND OPERATING CO.
Discussed at Length
 1985 OK 22, 697 P.2d 539, Hammons v. Muskogee Medical Center Authority
Discussed
Title 22. Criminal Procedure
 Cite
Name
Level

 22 O.S. 18, Expungement of Criminal Records
Discussed at Length
 22 O.S. 19, Procedure for Sealing Records - Reimbursement of Fees
Cited