2009 OK CIV APP 1

**In the Matter of the Expungement of the Record of Rodney D. HOLDER, Petitioner/Appellant,**

v.

**STATE of Oklahoma, Respondent/Appellee.**

**No. 104,974.**

Court of Civil Appeals of Oklahoma, Division No. 2.

Dec. 3, 2008.

---

Doug Friesen, The Law Offices of Doug Friesen, P.C., Oklahoma City, OK, for Appellant.

Jimmy Bunn, Jr., Oklahoma State Bureau of Investigations, Oklahoma City, OK, for Appellee.

Greg Mashburn, District Attorney, David J. Batton, Assistant District Attorney, Norman, OK, for Appellee.

JERRY L. GOODMAN, Presiding Judge.

¶1 Rodney D. Holder (Holder) appeals the trial court's August 22, 2007, order denying his motion to expunge his records of criminal case No. CRF–86–72. This is a companion appeal to Appeal Nos. 104,975, 104,976, and 105,019, which this Court also decides this date.[1]

---

1. On September 5, 2007, the Oklahoma Supreme Court ordered appeal Nos. 104,974 (CRF–86–72), 104,975 (CRF–86–700), and 104,976 (CRF–86–717) be made companion cases pursuant to Okla. Sup.Ct.R. 1.27(d), 12 O.S.2001 and Supp.2008, ch. 15, app. 1. Holder also appealed the denial of his motion to expunge in case No. CRF–91–398 (Appeal No. 105,019) on September 5, 2007. Accordingly, No. 105,019 is also made a companion appeal pursuant to Rule 1.27(d) of the Oklahoma Supreme Court Rules.

## FACTS

¶ 2 The record reveals Holder was convicted of the following crimes: burglary of an automobile—February 14, 1986 (CRF–86–72); unlawful delivery of marijuana—July 18, 1986 (CRF–86–700); indecent exposure—July 18, 1986 (CRF–86–717); and possession of controlled dangerous substance (CDS) with intent to distribute, possession of marijuana, and maintaining a vehicle in which CDS was kept—June 17, 1991 (CRF–91–398). On December 19, 2006, Governor Brad Henry pardoned Holder for these offenses. The pardon provides that Holder received a "full pardon to restore unto him all of the rights of citizenship."

¶ 3 On June 25, 2007, Holder filed a motion pursuant to 22 O.S.2001 and Supp.2004, § 18 seeking an order requiring all agencies to expunge from his records the convictions from which he was pardoned. A separate motion was filed for each conviction. Oklahoma State Bureau of Investigations (OSBI) objected to each motion, asserting Holder did not qualify for expungement under Oklahoma law because he had been convicted of more than one (1) offense. The present appeal, No. 104,974, involves case No. CRF–86–72. After a hearing, the trial court denied Holder's motion by order filed on August 22, 2007. Holder appeals.

## STANDARD OF REVIEW

¶ 4 The question presented on appeal is one of law, which we review *de novo.* An appellate court has plenary, independent and non-deferential authority to reexamine a trial court's legal rulings. *K & H Well Serv., Inc. v. Tcina, Inc.,* 2002 OK 62, ¶ 9, 51 P.3d 1219, 1223. The instant case is one of statutory construction. It is well established that where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning. *Sysco*

Food Serv. of Oklahoma LLC v. Cunningham, 2007 OK CIV APP 52, ¶ 10, 162 P.3d 973, 974.

## ANALYSIS

¶ 5 An individual's right to seek expungement of criminal records is governed by statute. Title 22 O.S.2001 and Supp.2004, § 18 provides for expungement of criminal records under certain circumstances. When an individual establishes that one of the § 18 "circumstances is shown to exist, a *prima facie* showing of harm is made." *State of Oklahoma v. McMahon,* 1998 OK CIV APP 103, ¶ 4, 959 P.2d 607, 608; *see also Hoover v. State,* 2001 OK CR 16, ¶ 6, 29 P.3d 591, 594 ("There is a *prima facie* showing of harm when a circumstance enumerated in 22 O.S. § 18 is shown to exist."). With this showing, the burden shifts to the opposing party, in this case OSBI, to prove "the public interest in keeping the records does not harm privacy interests and serves the ends of justice." *Hoover,* 2001 OK CR 16, at ¶ 7, 29 P.3d at 594–95. Title 22 O.S.2001 and Supp.2002, § 19 provides the procedure to be followed when a person is eligible, *i.e.,* has shown a circumstance under § 18 exists.[2]

¶ 6 The purpose of the expungement statute "is to afford special relief in the form of a full or partial sealing of records relating to a person's involvement or suspected involvement in a crime. It is clearly intended to aid those who are acquitted, exonerated, or who otherwise deserve a second chance at a 'clean record.'" *McMahon,* 1998 OK CIV APP 103, at ¶ 9, 959 P.2d at 609. "[A] motion for expungement hinges on the final disposition, or lack thereof, of criminal charges." *Hoover,* 2001 OK CR 16, at ¶ 4, 29 P.3d at 593.

¶ 7 In the present case, Holder contends he is eligible to seek expungement under § 18(8). Section 18(8) provides, in relevant part:

> basic identification information, to be sealed. If the court finds that neither sealing of the records nor maintaining of the records unsealed by the agency would serve the ends of justice, the court may enter an appropriate order limiting access to such records.

---

2. Title 22 O.S.2001 and Supp.2002, § 19 provides, in relevant part:

   C. Upon a finding that the harm to privacy of the person in interest or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records, the court may order such records, or any part thereof except

Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories: . . .

8. The offense was a nonviolent felony, as defined in Section 571 of Title 57 of the Oklahoma Statutes, the person has received a full pardon for the offense, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the conviction; or . . . .

¶ 8 To establish he is entitled to expungement of his records, Holder notes seventeen (17) years have passed from the time of his last conviction, he has not been arrested or convicted for another crime from 1991, Governor Henry and the Pardon and Parole Board reviewed the record and found him deserving of a pardon, and he is exactly the type of person who is deserving of a second chance at life. Holder contends the gubernatorial pardon restored to him all his rights of citizenship and eliminated any impediment to expungement, and the Legislature is without authority to restrict or alter the pardon's effect. Finally, Holder contends the convictions have had an adverse affect on his ability to obtain employment.

¶ 9 OSBI disagrees, asserting § 18(8) only permits expungement of one (1) conviction. OSBI notes Holder had multiple unrelated offenses which occurred over a number of years. As a result, he is not statutorily entitled to expungement.

 ¶ 10 We agree with OSBI that Holder has not established that a § 18 circumstance exists. Reviewing the plain language of § 18(8), it does not allow for the expungement of multiple criminal offenses. Rather, § 18(8) expressly prohibits expungement when an individual has been convicted of another misdemeanor or felony. *See* § 18(8) ("the person has not been convicted of any other misdemeanor or felony"). Although the Governor of the State of Oklahoma is constitutionally empowered to grant pardons, a gubernatorial pardon alone does not entitle Holder to expungement of his criminal records. The power to expunge an individual's criminal records is controlled legislatively by statute. The Legislature has determined that an individual with more than one (1) offense shall not be entitled to expungement, regardless of whether the individual has received a gubernatorial pardon. Such prohibition is clearly revealed in the statute. Accordingly, Holder is not statutorily eligible to seek expungement under § 18(8). The trial court's August 22, 2007, order is therefore affirmed.

¶ 11 AFFIRMED.

WISEMAN, J., and FISCHER, J., concur.