2012 OK CIV APP 85

**Suena Mae OLSON, Petitioner/Appellant,**

v.

**STATE of Oklahoma, Respondent/Appellee.**

**No. 109,646.**

Court of Civil Appeals of Oklahoma, Division No. 1.

Aug. 27, 2012.

---

1. N.Y. Est., Powers & Trusts Law § 4–1.2 (McKinney 1967)

2. 58 O.S.2001, 711.

James M. Wirth, Charles M. Parrish, Wirth Law Office, Tulsa, Oklahoma, for Petitioner/Appellant.

Carol J. Furr, Assistant General Counsel, Oklahoma State Bureau of Investigation, Oklahoma City, Oklahoma, and Kim M. Hall, Assistant District Attorney, Tulsa County District Attorney's Office, Tulsa, Oklahoma, for Respondent/Appellee.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Petitioner/Appellant Suena Olson appeals from the trial court's order denying her Petition for Expungement. The plain language of the statute shows Olson is not eligible for expungement because she has multiple convictions. We affirm.

¶ 2 Olson filed her Petition for Expungement December 27, 2010. She asked the court to expunge records from Case Nos. CRF–82–1957, CRM–82–1104, and CRM–82–1105. Olson alleged those cases flowed from her arrest by the Tulsa Police Department June 1, 1982, after which she was charged with felony unlawful possession of controlled drug (cocaine), misdemeanor unlawful possession of marijuana, and misdemeanor unlawful possession of controlled drug (quaaludes). Olson contended she entered guilty pleas to all charges November 30, 1982, at which time she was sentenced to three years, suspended, for the felony, and one year, suspended, for each of the misdemeanors. Governor Keating granted Olson a full pardon in the felony case January 22, 1996.

¶ 3 Olson argued that she was eligible for expungement of the felony case under 22 O.S.Supp.2009 § 18(9) because she had received a full pardon, she had not been convicted of any other misdemeanor or felony charges since her guilty plea, no charges were pending against her, and at least ten years had passed since her conviction. Olson argued she was entitled to expungement of the misdemeanor cases under 22 O.S.Supp. 2009 § 18(8) because she had not been convicted of any other misdemeanor or felony charges since her guilty plea, no charges were pending against her, and at least ten years had passed since her conviction.[1]

¶ 4 The OSBI filed its objection to expungement January 19, 2011. OSBI contended that 22 O.S.Supp.2009 § 18 limits expungement to persons who have not been convicted of other crimes.[2]

¶ 5 Following a hearing held February 14, 2011, the trial court issued its Order Denying Expungement June 6, 2011. The court noted the objection of the OSBI and the response of the DA, and found that the remaining

---

1. Because the fact Olson had other convictions controls the outcome of this appeal, we need not address the remaining claims made in Olson's Petition.

2. The Tulsa County District Attorney filed a response objecting only to expungement of the DA's internal litigation files and records, contending those are confidential under 51 O.S.2001 § 24A.12 and are not disseminated or available to the public. The DA further asserted the expungement statutes do not apply to district attorney records.

notified law enforcement agencies had not filed objections. The court held that the plain language of Section 18 showed Olson was not eligible for expungement.

¶ 6 Olson now appeals the Order Denying Expungement. The underlying facts are undisputed and we therefore review the trial court's decision *de novo*. *Buechler v. State*, 2008 OK CIV APP 1, ¶ 5, 175 P.3d 966.

■ ¶ 7 It is undisputed that Olson entered guilty pleas and was convicted of one felony and two misdemeanor charges. Olson relies on the following two subsections in support of her quest for expungement:

Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:

\* \* \*

8. The offense was a misdemeanor, *the person has not been convicted of any other misdemeanor or felony,* no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the judgment was entered;

9. The offense was a nonviolent felony, as defined in Section 571 of Title 57 of the Oklahoma Statutes, the person has received a full pardon for the offense, *the person has not been convicted of any other misdemeanor or felony,* no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the conviction; or

\* \* \*

For purposes of this act, "expungement" shall mean the sealing of criminal records. Records expunged pursuant to paragraph 10 of this section shall be sealed to the public but not to law enforcement agencies for law enforcement purposes.

22 O.S.Supp.2009 § 18 (emphasis added).

¶ 8 The parties dispute the meaning of the italicized language. The OSBI argued, and the trial court agreed, that the language means that expungement is not allowed if the person has been convicted of any other felony or misdemeanor, without limitation. Olson counters that her convictions all arose out of the same criminal episode and that they should therefore not be considered as other felony or misdemeanor convictions. Olson suggests that the language "the person has not been convicted of any other misdemeanor or felony" should be modified by an unwritten "since the last conviction."

■ ¶ 9 "It is well established that where the language of a statute is clear and unambiguous, there is no room for judicial construction and the courts must give the statute its plain and definite meaning." *Holder v. State*, 2009 OK CIV APP 1, ¶ 4, 219 P.3d 562, citing *Sysco Food Serv. of Oklahoma LLC v. Cunningham*, 2007 OK CIV APP 52, ¶ 10, 162 P.3d 973, 974. The Oklahoma Court of Civil Appeals has previously decided this issue in *Holder*:

Reviewing the plain language of § 18(8), it does not allow for the expungement of multiple criminal offenses. Rather, § 18(8) expressly prohibits expungement when an individual has been convicted of another misdemeanor or felony. See § 18(8) ("the person has not been convicted of any other misdemeanor or felony"). Although the Governor of the State of Oklahoma is constitutionally empowered to grant pardons, a gubernatorial pardon alone does not entitle Holder to expungement of his criminal records. The power to expunge an individual's criminal records is controlled legislatively by statute. The Legislature has determined that an individual with more than one (1) offense shall not be entitled to expungement, regardless of whether the individual has received a gubernatorial pardon. Such prohibition is clearly revealed in the statute. Accordingly, Holder is not statutorily eligible to seek expungement under § 18(8).

219 P.3d at 565.

¶ 10 Olson suggests that *Holder* is not controlling because the other convictions in that case occurred over the course of a few years, while her convictions all arose from one criminal episode. Olson's claim that it is unfair to deny expungement where her other

convictions arose from the same criminal episode does not give this court authority to rewrite or interpret statutory language that is susceptible of only one meaning on its face. Only the legislature may modify the statute to address Olson's claims regarding multiple convictions arising out of one arrest. The plain language of the current statute shows Olson is not eligible for expungement.

¶ 11 AFFIRMED.

JOPLIN, V.C.J., and BELL, J. (sitting by designation), concur.