S.K.W. v. STATE
2022 OK 39
Case Number: 119607
Decided: 04/19/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 39, __ P.3d __

 

NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

S.K.W., Plaintiff/Appellant,
v.
THE STATE OF OKLAHOMA, Defendant/Appellee.
APPEAL FROM THE DISTRICT COURT OF CANADIAN COUNTY
Honorable Jack D. McCurdy, II., Trial Judge
¶0 The plaintiff/appellant, S.K.W., was convicted of three drug related crimes in 2001, in Canadian County, Oklahoma, and two drug related crimes in 2002, in Blaine County, Oklahoma. On January 5, 2021, the Governor pardoned W. of all five convictions. Subsequently, she sought expungement of her criminal records in both Blaine and Canadian Counties pursuant to . The Blaine County District Court granted W.'s expungement request, but the Canadian County District Court denied it. The trial court based its denial on two Oklahoma Court of Civil Appeals cases which interpreted the statute to allow one single conviction to be expunged, not multiple convictions. W. appealed. We retained the cause to examine expungement pursuant to . We hold that because the expungement was based on the Governor's pardon of all five convictions, the plain, unambiguous text of allows expungement of all of them. The appellant's unopposed request for appeal-related costs is granted.
CAUSE PREVIOUSLY RETAINED; TRIAL COURT REVERSED AND CAUSE REMANDED. 
Michael A. Risley, Oklahoma City, Oklahoma, for Plaintiff/Appellant.
Mitchell Thrower, Assistant District Attorney for Canadian County, El Reno, Oklahoma, for Defendant/Appellee.
Shannon J. Desherow, Assistant General Counsel for Oklahoma State Bureau of Investigation, Oklahoma City, Oklahoma, for OSBI/a required party.
KAUGER, J.:
¶1 We retained this cause to address expungement pursuant to . We hold that because the expungement was based on the Governor's pardon of all five convictions, the plain, unambiguous language of allows expungement of all of them. We also grant the appellant's unopposed request for appeal-related costs.
PROCEDURAL HISTORY
¶2 The plaintiff/appellant, S. K. W. (W.) was convicted, of five crimes relating to the manufacturing, trafficking, and possession of a controlled dangerous substance in Blaine and Canadian Counties in 2001 and 2002. According to W., her arrest stemmed from her two-year addiction (2000-2002) to methamphetamine, which she struggled with after the unexpected death of her mother. Also according to W., while in the Department of Corrections custody, she dried out, got help dealing with her underlying emotional issues, and has been sober for nineteen years.
¶3 On January 5, 2021, the Governor, J. Kevin Stitt, issued W. a Certificate of Pardon, granting her a full pardon. On March 8, 2021, W. filed a Petition to Expunge. The State, through the Canadian County District Attorney (DA), objected to the expungement, arguing that the plain language of , does not allow the expungement of multiple offenses, even when all of the offenses have been pardoned by the Governor. The DA relied on Holder v. State, , , and Olson v. State, to support his argument that because W. had four separate felony offenes and one misdemeanor offense, her Petition for Expungement must be denied.
¶4 W. responded, arguing that: 1) the Canadian County District Attorney is totally alone in objecting to the expungement; 2) Blaine County had already completed her expungement in that county; and 3) neither the Oklahoma State Bureau of Investigation, the Oklahoma Department of Corrections, the Oklahoma Pardon and Parole Board, the City of El Reno, the Blaine County District Attorney nor District Judge Woodward had disagreed that she was statutorily entitled to expungement.
¶5 After a May 10, 2021, hearing, the trial court issued and filed an order on May 17, 2021, denying W.'s Petition for Expungement. On May 27, 2021, W. appealed to this Court. On June 1, 2021, we retained the cause to address statutory requirements of expungement. On February 18, 2022, W. filed a separate application for her appeal-related costs to be awarded in this Court.
I.
BECAUSE THE EXPUNGEMENT WAS BASED ON THE GOVERNOR'S PARDON OF ALL FIVE CONVICTIONS, THE PLAIN, UNAMBIGUOUS TEXT OF ALLOWS THE EXPUNGEMENT OF ALL OF THEM.
¶6 The DA argues that because W. had four separate felony offenses and one misdemeanor offense, the Petition for Expungement must be denied. W. argues that the plain language of the statute allows the expungement of multiple offenses when the Governor pardons all of the offenses. We agree with W.
A.
The Expungement Process/History.
¶7 In 1987, the Legislature authorized the district courts to expunge/seal certain criminal records with the enactment of which provided:
Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:
1. the person has been acquitted;
2. the person was arrested and no charges are filed or charges are dismissed within one (1) year of the arrest; or
3. the statute of limitations on the offense had expired and no charges were filed.
For purposes of this act, 'expungement' shall mean the sealing of criminal records. 
Section 18, has been amended eighteen times since its 1987 enactment. Procedurally, a petition for expungement is lodged in the district courts, and expungement appeals from the district courts are brought to the Oklahoma Supreme Court.
¶8 The first amendment was in 1992. It added that a "person" "under eighteen (18) years of age at the time the offense was committed and the person has received a full pardon for the offense" as someone authorized to seek expungement. The Okla. Const. art. 6, §10 grants the Governor the power to pardon. Through multiple amendments, over fifteen years, the field of persons authorized to seek expungement has enlarged significantly.
¶9 The current version of (4), which is at issue in this cause, provides that persons authorized to file for expungement include the person who has received a full pardon by the Governor for the crime for which the person was sentenced.
B.
Interpretation and Application of .
¶10 We have not interpreted §18 as it relates to the Governor's pardon of criminal offenses. However, the Court of Civil Appeals, in Holder v. State, , , and subsequently in Olson v. State, , held that the plain language of the statute prohibits expungement of multiple offenses, regardless of a Governor's pardon.
¶11 Holder, supra, concerned an individual (Holder) who was convicted of four crimes in 1986 and 1991. On December 19, 2006, the Governor granted Holder a full pardon of the crimes. Holder then sought expungement under the of the statute. Under those versions, persons who were under eighteen when the offense was committed, and received a full pardon, were eligible to seek expungement, but Holder, apparently did not qualify under this category.
¶12 Rather, Holder sought expungement under the subsection which provided expungement if "[t]he offense was a nonviolent felony, as defined in Section 571 of Title 57 of the Oklahoma Statutes, the person has received a full pardon for the offense, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the conviction." The court said that despite the Governor's constitutional power to grant a pardon, and despite that a Governor's pardon is expressly listed in the statute as a reason for expungement, the statute does not allow an individual with more than one offense to be entitled to expungement.
¶13 Subsequently, another division of the Court of Civil Appeals followed Holder, supra, in Olson v. State, , , when it held that the petitioner, Olson, was also not eligible for expungement because she had multiple convictions. Neither Holder nor Olson sought certiorari in this Court, and neither case is dispositive of this cause because they involved different subsections and different versions of the statute from the one at issue here.
¶14 Recently, in J.M.L. v. State, , , in determining that the district courts' authority of expungement extended to municipal records, we explained that the remedial purpose of expungement requires a liberal construction of expungement statutes. The unanimous Court held that from the outset, the Legislature has made it convenient for a qualified person to pursue expungement. Expungement is "special relief . . . to aid those who are acquitted, exonerated, or who otherwise deserve a second chance at a 'clean record. . . .'" It has long been recognized that remedial statutes should be construed liberally so as to afford all the relief within the power of the court which the legislature intended to grant.
¶15 If we needed to apply rules of construction in this cause, we would be required to liberally construe it so as to afford all the relief which the legislature intended to grant. However, only where the legislative intent cannot be ascertained from the statutory language, i.e. in cases of ambiguity or conflict, are rules of statutory construction employed. Title unambiguously states that only one of the 15 categories listed in subsection A need to be met in order for a person to qualify for expungement. It states: "Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories." None of the 15 categories are followed by an "and," indicating that a person needed to qualify under more than one category to seek expungement.
¶16 Subsection 4 provides that one of the categories which qualifies is one in which the Governor has pardoned the individual, and it does not expressly limit the pardon to only one crime. It says: "The person has received a full pardon by the Governor for the crime for which the person was sentenced." Some of the other categories do discuss multiple crimes, and the consequences of multiple convictions and the type of convictions (felonies or misdemeanors), but subsection 4 does not.
¶17 We hold that the clear language of allows expungement of all of the crimes for which the Governor pardons an individual. Even if the use of the singular word "crime" rather than the plural "crimes" created an ambiguity as to whether the Legislature intended one and only one recprd pf a criminal conviction to be extinguishable when a Governor issues a pardon, a liberal construction of the term would be required to afford all the relief which the Legislature intended to grant and our holding would be unchanged. Holder v. State, , , and Olson v. State, , are expressly overruled to the extent that they could be read to stand for the proposition that the statute does not allow an individual with more than one offense to be entitled to expungement pursuant to the Governor's pardon.
III.
REQUEST FOR APPEAL-RELATED COSTS GRANTED.
¶18 Although W.'s attorney is representing her pro bono, on February 18, 2022, W. filed an application for appeal-related costs of the $200.00 filing fee and the $42.00 transcript fee which have both been paid. W. seeks these costs pursuant to and 12 O.S. 2011 App. 1, Okla. Sup. Ct. R. 1.14, in the event the trial court is reversed. The State has not filed an objection to the application for appeal-related costs. The application is hereby granted.
CONCLUSION
¶19 After the Governor pardoned the appellant of five drug related crimes, appellant sought expungement of her criminal records pursuant to . Because the expungement was based on the Governor's pardon of all five convictions, the plain, unambiguous language of allows expungement of all of them. The appellant's unopposed request for appeal-related costs is granted.
CAUSE PREVIOUSLY RETAINED; TRIAL COURT REVERSED AND CAUSE REMANDED. 
ALL JUSTICES CONCUR.
FOOTNOTES
 Title has been amended eighteen times since its enactment in 1987. The statute, and amendments, will be discussed in the body of this opinion, infra. However, the specific subsection upon which the plaintiff relies currently provides in pertinent part:
A. Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:

4. The person has received a full pardon by the Governor for the crime for which the person was sentenced.
 The details of the circumstances surrounding the crimes are not part of the record, but the case numbers and type of offense are included. They are: CF-2001-579, one felony count of unlawful manufacture of a controlled dangerous substance (CDS)(Methamphetamine); CV-2022-30, civil forfeiture relating to one felony count of possession of a CDS (Methamphetamine); CV-2002-31, civil forfeiture relating to one felony count of endeavoring to manufacture a CDS (Methamphetamine); and CM-2001-884, one misdemeanor count of unlawful possession of a CDS (Alprazolam). W. was arrested for all five crimes on October 16, 2001.
 The Certificate of Pardon is dated January 5, 2021, and is signed by the Governor and the Secretary of State. It provides:
TO ALL TO WHOM THESE PRESENTS SHALL COME, GREETINGS:
WHEREAS, S. K. W. was convicted of the following crime(s) in the State of Oklahoma:
CF-2001-579, Canadian County
Count 1: Unlawful Manufacturing of a Controlled Dangerous Substance
CF-2001-578, Canadian County
Count 1: Trafficking in Illegal Drugs
CM-2001-884, Canadian County
Count 1: Unlawful Possession of Controlled Drug
CF-2002-30, Blaine County
Count 1: Possession of a Controlled Drug with Intent to Distribute
CF-2002-31, Blaine County
Count 1: Unlawful Manufacture of a Controlled Dangerous Substance

Date of Completion: 8/22/2009
DOC #:431943
WHEREAS, it appears that S. K. W. has satisfactorily complied with all rules and conditions imposed, and the evidence presented to the Oklahoma Pardon and Parole Board indicates that S. K. W. has demonstrated exemplary conduct.
Now, therefore, I, J., Kevin Stitt, Governor of the State of Oklahoma, pursuant to the authority vested in me by Section 10 of Article VI of the Oklahoma Constitution, do hereby grant S.K.W. a full pardon to restore all of the rights of citizenship..)
IN WITNESS WHEREOF, I have hereunto set my hand and caused the Great Seal of the State of Oklahoma to be affixed at Oklahoma City, on January 5, 2021. (Emphasis in original.) (Full name appears in original, rather than initials
 Title , see note 1, supra.
 Title . Section 19, also enacted in 1987, corresponded with §18, describing the procedure for the district courts to follow for expungement. Title provided in part:
§19. Procedure for Sealing Records
A. Any person qualified under Section 18 of Title 22 of the Oklahoma Statutes may petition the district court of the district in which the arrest information pertaining to him is located for the sealing of all or any part of said record, except basic identification information.
B. Upon the filing of a petition or entering of a court order, the court shall set a date for a hearing, which hearing may be closed at the court's discretion, and shall provide thirty (30) days of notice of the hearing to the district attorney, the arresting agency, the Oklahoma State Bureau of Investigation, and any other person or agency whom the court has reason to believe may have relevant information related to the sealing of such record.
C. Upon a finding that the harm to privacy of the person in interest or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records, the court may order such records, or any part thereof except basic identification information, to be sealed. If the court finds that neither sealing of the records nor maintaining of the records unsealed by the agency would serve the ends of justice, the court may enter an appropriate order limiting access to such records.
Any order entered under this subsection shall specify those agencies to which such order shall apply.
D. Upon the entry of an order to seal the records, or any part thereof, the subject official actions shall be deemed never to have occurred, and the person in interest and all criminal justice agencies may properly reply, upon any inquiry in the matter, that no such action ever occurred and that no such record exists with respect to such person. . .
Section 19 has been amended four times since enactment, but the quoted portions above remain the same with the exception of the following language added in 2002 at the end of subsection C:
Any order entered under this subsection shall specify those agencies to which such order shall apply. Any order entered pursuant to this subsection may be appealed by the petitioner, the district attorney, the arresting agency, or the Oklahoma State Bureau of Investigation to the Oklahoma Supreme Court in accordance with the rules of the Oklahoma Supreme Court. In all such appeals, the Oklahoma State Bureau of Investigation is a necessary party and must be given notice of the appellate proceedings. 
 Title , see note 1, supra.
 In re Adoption of Supreme Court Rules for Expungement of Records, , [Initially such appeals were to be lodged with the Oklahoma Court of Criminal Appeals.]; See discussion to the amendments of , at note 5, supra.
 Title .
 The Okla. Const. art. 6, §10 provides:
§ 10. Reprieves, commutations, paroles and pardons.
There is hereby created a Pardon and Parole Board to be composed of five members; three to be appointed by the Governor; one by the Chief Justice of the Supreme Court; one by the Presiding Judge of the Criminal Court of Appeals or its successor. . . .
The Pardon and Parole Board by majority vote shall have the power and authority to grant parole for nonviolent offenses after conviction, upon such conditions and with such restrictions and limitations as the majority of the Pardon and Parole Board may deem proper or as may be required by law. . . .
The Governor shall have the power to grant, after conviction and after favorable recommendation by a majority vote of the Pardon and Parole Board, commutations, pardons and paroles for all offenses, except cases of impeachment, upon such conditions and with such restrictions and limitations as the Governor may deem proper, subject to such regulations as may be prescribed by law. Provided, the Governor shall not have the power to grant paroles if a person has been sentenced to death or sentenced to life imprisonment without parole. The Legislature shall have the authority to prescribe a minimum mandatory period of confinement which must be served by a person prior to being eligible to be considered for parole. The Governor shall have power to grant after conviction, reprieves or leaves of absence not to exceed sixty (60) days, without the action of the Pardon and Parole Board. . . .
 Title provides in its entirety:
A. Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:
1. The person has been acquitted;
2. The conviction was reversed with instructions to dismiss by an appellate court of competent jurisdiction, or an appellate court of competent jurisdiction reversed the conviction and the prosecuting agency subsequently dismissed the charge;
3. The factual innocence of the person was established by the use of deoxyribonucleic acid (DNA) evidence subsequent to conviction, including a person who has been released from prison at the time innocence was established;
4. The person has received a full pardon by the Governor for the crime for which the person was sentenced;
5. The person was arrested and no charges of any type, including charges for an offense different than that for which the person was originally arrested, are filed and the statute of limitations has expired or the prosecuting agency has declined to file charges;
6. The person was under eighteen (18) years of age at the time the offense was committed and the person has received a full pardon for the offense;
7. The person was charged with one or more misdemeanor or felony crimes, all charges have been dismissed, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and the statute of limitations for refiling the charge or charges has expired or the prosecuting agency confirms that the charge or charges will not be refiled; provided, however, this category shall not apply to charges that have been dismissed following the completion of a deferred judgment or delayed sentence;
8. The person was charged with a misdemeanor, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and at least one (1) year has passed since the charge was dismissed;
9. The person was charged with a nonviolent felony offense not listed in Section 571 of Title 57 of the Oklahoma Statutes, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and at least five (5) years have passed since the charge was dismissed;
10. The person was convicted of a misdemeanor offense, the person was sentenced to a fine of less than Five Hundred One Dollars ($501.00) without a term of imprisonment or a suspended sentence, the fine has been paid or satisfied by time served in lieu of the fine, the person has not been convicted of a felony and no felony or misdemeanor charges are pending against the person;
11. The person was convicted of a misdemeanor offense, the person was sentenced to a term of imprisonment, a suspended sentence or a fine in an amount greater than Five Hundred Dollars ($500.00), the person has not been convicted of a felony, no felony or misdemeanor charges are pending against the person and at least five (5) years have passed since the end of the last misdemeanor sentence;
12. The person was convicted of a nonviolent felony offense not listed in Section 571 of Title 57 of the Oklahoma Statutes, the person has not been convicted of any other felony, the person has not been convicted of a separate misdemeanor in the last seven (7) years, no felony or misdemeanor charges are pending against the person and at least five (5) years have passed since the completion of the sentence for the felony conviction;
13. The person was convicted of not more than two felony offenses, none of which is a felony offense listed in Section 13.1 of Title 21 of the Oklahoma Statutes or any offense that would require the person to register pursuant to the provisions of the Sex Offenders Registration Act, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the completion of the sentence for the felony conviction;
14. The person has been charged or arrested or is the subject of an arrest warrant for a crime that was committed by another person who has appropriated or used the person's name or other identification without the person's consent or authorization; or
15. The person was convicted of a nonviolent felony offense not listed in Section 571 of Title 57 of the Oklahoma Statutes which was subsequently reclassified as a misdemeanor under Oklahoma law, the person is not currently serving a sentence for a crime in this state or another state, at least thirty (30) days have passed since the completion or commutation of the sentence for the crime that was reclassified as a misdemeanor, any restitution ordered by the court to be paid by the person has been satisfied in full, and any treatment program ordered by the court has been successfully completed by the person, including any person who failed a treatment program which resulted in an accelerated or revoked sentence that has since been successfully completed by the person or the person can show successful completion of a treatment program at a later date. Persons seeking an expungement of records under the provisions of this paragraph may utilize the expungement forms provided in Section 2 of this act. (Emphasis supplied.) 
 In D.A. v. State ex rel. Oklahoma State Bureau of Investigation, , , we held that a drug court's dismissal following successful conclusion of the drug court program is not excluded from expungement under and may be expunged immediately, after successful completion of the program and the charges have been dismissed.
 Holder was convicted of the following crimes: burglary of an automobile - February 14, 1986 (CRF-86-72); unlawful delivery of marijuana - July 18, 1986 (CRF-86-700); indecent exposure - July 18, 1986 (CRF-86-717); and possession of controlled dangerous substance (CDS) with intent to distribute, possession of marijuana, and maintaining a vehicle in which CDS was kept - June 17, 1991 (CRF-91-398).
 Title and the 2014 version of the statute were not significantly different insofar as the cause was concerned. Title provided:
Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:
1. The person has been acquitted;
2. The conviction was reversed with instructions to dismiss by an appellate court of competent jurisdiction, or an appellate court of competent jurisdiction reversed the conviction and the district attorney subsequently dismissed the charge;
3. The factual innocence of the person was established by the use of deoxyribonucleic acid (DNA) evidence subsequent to conviction;
4. The person was arrested and no charges of any type, including charges for an offense different than that for which the person was originally arrested are filed or charges are dismissed within one (1) year of the arrest, or all charges are dismissed on the merits;
5. The statute of limitations on the offense had expired and no charges were filed;
6. The person was under eighteen (18) years of age at the time the offense was committed and the person has received a full pardon for the offense;
7. The offense was a misdemeanor, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the judgment was entered;
8. The offense was a nonviolent felony, as defined in Section 571 of Title 57 of the Oklahoma Statutes, the person has received a full pardon for the offense, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the conviction; or
9. The person has been charged or arrested or is the subject of an arrest warrant for a crime that was committed by another person who has appropriated or used the person's name or other identification without the person's consent or authorization.
For purposes of this act, "expungement" shall mean the sealing of criminal records. Records expunged pursuant to paragraph 9 of this section shall be sealed to the public but not to law enforcement agencies for law enforcement purposes.
The 2001 version, provided:
Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories: 
1. The person has been acquitted; 
2. The conviction was reversed with instructions to dismiss by an appellate court of competent jurisdiction, or an appellate court of competent jurisdiction reversed the conviction and the district attorney subsequently dismissed the charge; 
3. The person was arrested and no charges are filed or charges are dismissed within one (1) year of the arrest; 
4. The statute of limitations on the offense had expired and no charges were filed; 
5. The person was under eighteen (18) years of age at the time the offense was committed and the person has received a full pardon for the offense; 
6. The offense was a misdemeanor, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the judgment was entered; or 
7. The offense was a nonviolent felony, as defined in Section 571 of Title 57 of the Oklahoma Statutes, the person has received a full pardon for the offense, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the conviction. 
For purposes of this act, "expungement" shall mean the sealing of criminal records.
 Title (5), see note 13, supra and (6), see note 13, supra.
 Title (7), see note 13, supra and (8), see note 13, supra.
 Jones v. State ex rel. Office of Juvenile Affairs, , ¶ 15, ; King v. King, , ¶ 22, ; Haggard v. Haggard, , ¶ 1, .
 Title , see note 1, supra.
 Title , see page 8, supra.
 Title , see page 8, supra.
 Title , see page 8, supra.
 Title provides:
When a judgment or final order is reversed, the plaintiff in error shall recover his costs, including the costs of the transcript of the proceedings, or case-made, filed with the petition in error; and when reversed in part and affirmed in part, costs shall be equally divided between the parties.
 Title 12 O.S. 2011 App.1, Okla. Sup. Ct. R. 1.14 provides in pertinent part:
(A) Costs.
(1.) Costs must be sought by a separately filed and labeled motion in the appellate court prior to mandate being issued. The Clerk shall not tax as costs any expense unless the person claiming the same, prior to the issuance of a mandate in the cause, shall file with the Clerk a verified statement of taxable cost items showing that person has paid the same. 
(2.) Costs taxable by the Supreme Court Clerk are limited to the following:
(a.) The cost deposit required by ;
(b.) The cost deposit required by ;
(c.) The reasonable cost of copying and binding the record pursuant to Rule 1.36. Carroll v. Axelson, Inc., , ; 
(d.) Reasonable costs for transcripts which are a part of the record on appeal. These costs may include the fee for recording and transcribing the proceedings, and mileage if the trial judge requires the parties to bring their own court reporter. Any charges for mailing and delivery of copies, or for an additional electronic transcript, are not taxable.
(3.) No fee paid to the district court clerk is taxable in the appellate courts. . . .
 Title see note 21, supra; Title 12 O.S. 2011 App.1, Okla. Sup. Ct. R. 1.14 see note 22, supra; Title provides:
A. Whenever an action is filed in any of the courts of this state where the State of Oklahoma or any of its departments or agencies, as defined in Section 152 of Title 51 of the Oklahoma Statutes, is a party, no bonds or other obligation of security shall be required from the state or from any party acting under the direction of the state, either to prosecute, answer, or appeal the action. The execution of a judgment or final order of any judicial tribunal against the state or any of its departments or agencies is automatically stayed without the execution of a supersedeas bond until any appeal of such judgment or final order has finally been determined.
In case of an adverse decision, such costs as by law are taxable against the state, or against the party acting by its direction, shall be paid out of the funds of the department under whose direction the proceedings were instituted or defended.
B. Costs shall be paid to the court fund of the district court in which an action is filed from the first funds collected in satisfaction of any judgment obtained by this state or any party acting under the direction of this state, except when the funds are collected pursuant to a child support order, judgment, or pursuant to any civil forfeiture action. No action filed by this state or by any party acting under the direction of this state shall be dismissed with unpaid costs of the action without the prior notification of the district court clerk of the county in which the action was filed.
State ex rel. State Insurance Fund v. JOA, Inc., , ¶14, [ Section 66 provides for payment of costs from the funds of the State entity (department) appearing as a party to the action when the costs are taxable against the State upon an adverse decision.].
 Title , see note 10, supra.
 Title , see note 10, supra.