S.K.W. v. STATE
2022 OK 39
Case Number: 119607
Decided: 04/19/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 39, __ P.3d __

 

 

S.K.W., Plaintiff/Appellant,
v.
THE STATE OF OKLAHOMA, Defendant/Appellee.

APPEAL FROM THE DISTRICT COURT OF CANADIAN COUNTY

Honorable Jack D. McCurdy, II., Trial Judge

¶0 The plaintiff/appellant, S.K.W., was convicted of three drug related crimes in 2001, in Canadian County, Oklahoma, and two drug related crimes in 2002, in Blaine County, Oklahoma. On January 5, 2021, the Governor pardoned W. of all five convictions. Subsequently, she sought expungement of her criminal records in both Blaine and Canadian Counties pursuant to 22 O.S. Supp. 2019 §1822 O.S. Supp. 2019 §1822 O.S. Supp. 2019 §18

CAUSE PREVIOUSLY RETAINED; 
TRIAL COURT REVERSED AND CAUSE REMANDED. 

Michael A. Risley, Oklahoma City, Oklahoma, for Plaintiff/Appellant.

Mitchell Thrower, Assistant District Attorney for Canadian County, El Reno, Oklahoma, for Defendant/Appellee.

Shannon J. Desherow, Assistant General Counsel for Oklahoma State Bureau of Investigation, Oklahoma City, Oklahoma, for OSBI/a required party.

KAUGER, J.:

¶1 We retained this cause to address expungement pursuant to 22 O.S. Supp. 2019 §1822 O.S. Supp. 2019 §18

PROCEDURAL HISTORY

¶2 The plaintiff/appellant, S. K. W. (W.) was convicted, of five crimes relating to the manufacturing, trafficking, and possession of a controlled dangerous substance in Blaine and Canadian Counties in 2001 and 2002.

¶3 On January 5, 2021, the Governor, J. Kevin Stitt, issued W. a Certificate of Pardon, granting her a full pardon.22 O.S. Supp. 2019 §18Holder v. State, 2009 OK CIV APP 1219 P.3d 562Olson v. State, 2012 OK CIV APP 85

¶4 W. responded, arguing that: 1) the Canadian County District Attorney is totally alone in objecting to the expungement; 2) Blaine County had already completed her expungement in that county; and 3) neither the Oklahoma State Bureau of Investigation, the Oklahoma Department of Corrections, the Oklahoma Pardon and Parole Board, the City of El Reno, the Blaine County District Attorney nor District Judge Woodward had disagreed that she was statutorily entitled to expungement.

¶5 After a May 10, 2021, hearing, the trial court issued and filed an order on May 17, 2021, denying W.'s Petition for Expungement. On May 27, 2021, W. appealed to this Court. On June 1, 2021, we retained the cause to address statutory requirements of expungement. On February 18, 2022, W. filed a separate application for her appeal-related costs to be awarded in this Court.

I.

BECAUSE THE EXPUNGEMENT WAS BASED ON THE GOVERNOR'S PARDON OF ALL FIVE CONVICTIONS, THE PLAIN, UNAMBIGUOUS TEXT OF 22 O.S. SUPP. 2019 §18 ALLOWS THE EXPUNGEMENT OF ALL OF THEM.

¶6 The DA argues that because W. had four separate felony offenses and one misdemeanor offense, the Petition for Expungement must be denied. W. argues that the plain language of the statute allows the expungement of multiple offenses when the Governor pardons all of the offenses. We agree with W.

A.

The Expungement Process/History.

¶7 In 1987, the Legislature authorized the district courts to expunge/seal certain criminal records with the enactment of 22 O.S. Supp. 1987 §18

Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:

1. the person has been acquitted;
2. the person was arrested and no charges are filed or charges are dismissed within one (1) year of the arrest; or
3. the statute of limitations on the offense had expired and no charges were filed.

For purposes of this act, 'expungement' shall mean the sealing of criminal records.

Section 18, has been amended eighteen times since its 1987 enactment. Procedurally, a petition for expungement is lodged in the district courts,

¶8 The first amendment was in 1992. It added that a "person" "under eighteen (18) years of age at the time the offense was committed and the person has received a full pardon for the offense" as someone authorized to seek expungement.

¶9 The current version of 22 O.S. Supp. 2019 §18

B.

Interpretation and Application of 22 O.S. Supp. 2019 §18.

¶10 We have not interpreted §18 as it relates to the Governor's pardon of criminal offenses.Holder v. State, 2009 OK CIV APP 1219 P.3d 562Olson v. State, 2012 OK CIV APP 85

¶11 Holder, supra, concerned an individual (Holder) who was convicted of four crimes in 1986 and 1991.22 O.S. 2001 and Supp. 2004 §18

¶12 Rather, Holder sought expungement under the subsection which provided expungement if "[t]he offense was a nonviolent felony, as defined in Section 571 of Title 57 of the Oklahoma Statutes, the person has received a full pardon for the offense, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the conviction."

¶13 Subsequently, another division of the Court of Civil Appeals followed Holder, supra, in Olson v. State, 2012 OK CIV APP 85286 P.3d 296

¶14 Recently, in J.M.L. v. State, 2018 OK 103433 P.3d 726

¶15 If we needed to apply rules of construction in this cause, we would be required to liberally construe it so as to afford all the relief which the legislature intended to grant. However, only where the legislative intent cannot be ascertained from the statutory language, i.e. in cases of ambiguity or conflict, are rules of statutory construction employed.22 O.S. Supp. 2019 §18one of the 15 categories listed in subsection A need to be met in order for a person to qualify for expungement. It states: "Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories."

¶16 Subsection 4 provides that one of the categories which qualifies is one in which the Governor has pardoned the individual, and it does not expressly limit the pardon to only one crime. It says: "The person has received a full pardon by the Governor for the crime for which the person was sentenced."

¶17 We hold that the clear language of 22 O.S. Supp. 2019 §18Holder v. State, 2009 OK CIV APP 1219 P.3d 562Olson v. State, 2012 OK CIV APP 85

III.

REQUEST FOR APPEAL-RELATED COSTS GRANTED.

¶18 Although W.'s attorney is representing her pro bono, on February 18, 2022, W. filed an application for appeal-related costs of the $200.00 filing fee and the $42.00 transcript fee which have both been paid. W. seeks these costs pursuant to 12 O.S. 2011 §978

CONCLUSION

¶19 After the Governor pardoned the appellant of five drug related crimes, appellant sought expungement of her criminal records pursuant to 22 O.S. Supp. 2019 §1822 O.S. Supp. 2019 §18

CAUSE PREVIOUSLY RETAINED; 
TRIAL COURT REVERSED AND CAUSE REMANDED. 

ALL JUSTICES CONCUR.

FOOTNOTES

22 O.S. Supp. 2019 §18

A. Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:

4. The person has received a full pardon by the Governor for the crime for which the person was sentenced.

TO ALL TO WHOM THESE PRESENTS SHALL COME, GREETINGS:

WHEREAS, S. K. W. was convicted of the following crime(s) in the State of Oklahoma:

CF-2001-579, Canadian County
Count 1: Unlawful Manufacturing of a Controlled Dangerous Substance
CF-2001-578, Canadian County
Count 1: Trafficking in Illegal Drugs
CM-2001-884, Canadian County
Count 1: Unlawful Possession of Controlled Drug
CF-2002-30, Blaine County
Count 1: Possession of a Controlled Drug with Intent to Distribute
CF-2002-31, Blaine County
Count 1: Unlawful Manufacture of a Controlled Dangerous Substance

Date of Completion: 8/22/2009
DOC #:431943

WHEREAS, it appears that S. K. W. has satisfactorily complied with all rules and conditions imposed, and the evidence presented to the Oklahoma Pardon and Parole Board indicates that S. K. W. has demonstrated exemplary conduct.

Now, therefore, I, J., Kevin Stitt, Governor of the State of Oklahoma, pursuant to the authority vested in me by Section 10 of Article VI of the Oklahoma Constitution, do hereby grant S.K.W. a full pardon to restore all of the rights of citizenship..)

IN WITNESS WHEREOF, I have hereunto set my hand and caused the Great Seal of the State of Oklahoma to be affixed at Oklahoma City, on January 5, 2021. (Emphasis in original.) (Full name appears in original, rather than initials

22 O.S. Supp. 2019 §18

22 O.S. Supp. 1987 §1819 O.S. Supp. 1987 §19

§19. Procedure for Sealing Records

A. Any person qualified under Section 18 of Title 22 of the Oklahoma Statutes may petition the district court of the district in which the arrest information pertaining to him is located for the sealing of all or any part of said record, except basic identification information.

B. Upon the filing of a petition or entering of a court order, the court shall set a date for a hearing, which hearing may be closed at the court's discretion, and shall provide thirty (30) days of notice of the hearing to the district attorney, the arresting agency, the Oklahoma State Bureau of Investigation, and any other person or agency whom the court has reason to believe may have relevant information related to the sealing of such record.

C. Upon a finding that the harm to privacy of the person in interest or dangers of unwarranted adverse consequences outweigh the public interest in retaining the records, the court may order such records, or any part thereof except basic identification information, to be sealed. If the court finds that neither sealing of the records nor maintaining of the records unsealed by the agency would serve the ends of justice, the court may enter an appropriate order limiting access to such records.

Any order entered under this subsection shall specify those agencies to which such order shall apply.

D. Upon the entry of an order to seal the records, or any part thereof, the subject official actions shall be deemed never to have occurred, and the person in interest and all criminal justice agencies may properly reply, upon any inquiry in the matter, that no such action ever occurred and that no such record exists with respect to such person. . .

Section 19 has been amended four times since enactment, but the quoted portions above remain the same with the exception of the following language added in 2002 at the end of subsection C:

Any order entered under this subsection shall specify those agencies to which such order shall apply. Any order entered pursuant to this subsection may be appealed by the petitioner, the district attorney, the arresting agency, or the Oklahoma State Bureau of Investigation to the Oklahoma Supreme Court in accordance with the rules of the Oklahoma Supreme Court. In all such appeals, the Oklahoma State Bureau of Investigation is a necessary party and must be given notice of the appellate proceedings.

22 O.S. Supp. 1987 §19

In re Adoption of Supreme Court Rules for Expungement of Records, 2005 OK 32120 P.3d 86122 O.S. Supp. 2002 §19

22 O.S. Supp. 1992 §18

§ 10. Reprieves, commutations, paroles and pardons.

There is hereby created a Pardon and Parole Board to be composed of five members; three to be appointed by the Governor; one by the Chief Justice of the Supreme Court; one by the Presiding Judge of the Criminal Court of Appeals or its successor. . . .

The Pardon and Parole Board by majority vote shall have the power and authority to grant parole for nonviolent offenses after conviction, upon such conditions and with such restrictions and limitations as the majority of the Pardon and Parole Board may deem proper or as may be required by law. . . .

The Governor shall have the power to grant, after conviction and after favorable recommendation by a majority vote of the Pardon and Parole Board, commutations, pardons and paroles for all offenses, except cases of impeachment, upon such conditions and with such restrictions and limitations as the Governor may deem proper, subject to such regulations as may be prescribed by law. Provided, the Governor shall not have the power to grant paroles if a person has been sentenced to death or sentenced to life imprisonment without parole. The Legislature shall have the authority to prescribe a minimum mandatory period of confinement which must be served by a person prior to being eligible to be considered for parole. The Governor shall have power to grant after conviction, reprieves or leaves of absence not to exceed sixty (60) days, without the action of the Pardon and Parole Board. . . .

22 O.S. Supp. 2019 §18

A. Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:

1. The person has been acquitted;

2. The conviction was reversed with instructions to dismiss by an appellate court of competent jurisdiction, or an appellate court of competent jurisdiction reversed the conviction and the prosecuting agency subsequently dismissed the charge;

3. The factual innocence of the person was established by the use of deoxyribonucleic acid (DNA) evidence subsequent to conviction, including a person who has been released from prison at the time innocence was established;

4. The person has received a full pardon by the Governor for the crime for which the person was sentenced;

5. The person was arrested and no charges of any type, including charges for an offense different than that for which the person was originally arrested, are filed and the statute of limitations has expired or the prosecuting agency has declined to file charges;

6. The person was under eighteen (18) years of age at the time the offense was committed and the person has received a full pardon for the offense;

7. The person was charged with one or more misdemeanor or felony crimes, all charges have been dismissed, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and the statute of limitations for refiling the charge or charges has expired or the prosecuting agency confirms that the charge or charges will not be refiled; provided, however, this category shall not apply to charges that have been dismissed following the completion of a deferred judgment or delayed sentence;

8. The person was charged with a misdemeanor, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and at least one (1) year has passed since the charge was dismissed;

9. The person was charged with a nonviolent felony offense not listed in Section 571 of Title 57 of the Oklahoma Statutes, the charge was dismissed following the successful completion of a deferred judgment or delayed sentence, the person has never been convicted of a felony, no misdemeanor or felony charges are pending against the person and at least five (5) years have passed since the charge was dismissed;

10. The person was convicted of a misdemeanor offense, the person was sentenced to a fine of less than Five Hundred One Dollars ($501.00) without a term of imprisonment or a suspended sentence, the fine has been paid or satisfied by time served in lieu of the fine, the person has not been convicted of a felony and no felony or misdemeanor charges are pending against the person;

11. The person was convicted of a misdemeanor offense, the person was sentenced to a term of imprisonment, a suspended sentence or a fine in an amount greater than Five Hundred Dollars ($500.00), the person has not been convicted of a felony, no felony or misdemeanor charges are pending against the person and at least five (5) years have passed since the end of the last misdemeanor sentence;

12. The person was convicted of a nonviolent felony offense not listed in Section 571 of Title 57 of the Oklahoma Statutes, the person has not been convicted of any other felony, the person has not been convicted of a separate misdemeanor in the last seven (7) years, no felony or misdemeanor charges are pending against the person and at least five (5) years have passed since the completion of the sentence for the felony conviction;

13. The person was convicted of not more than two felony offenses, none of which is a felony offense listed in Section 13.1 of Title 21 of the Oklahoma Statutes or any offense that would require the person to register pursuant to the provisions of the Sex Offenders Registration Act, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the completion of the sentence for the felony conviction;

14. The person has been charged or arrested or is the subject of an arrest warrant for a crime that was committed by another person who has appropriated or used the person's name or other identification without the person's consent or authorization; or

15. The person was convicted of a nonviolent felony offense not listed in Section 571 of Title 57 of the Oklahoma Statutes which was subsequently reclassified as a misdemeanor under Oklahoma law, the person is not currently serving a sentence for a crime in this state or another state, at least thirty (30) days have passed since the completion or commutation of the sentence for the crime that was reclassified as a misdemeanor, any restitution ordered by the court to be paid by the person has been satisfied in full, and any treatment program ordered by the court has been successfully completed by the person, including any person who failed a treatment program which resulted in an accelerated or revoked sentence that has since been successfully completed by the person or the person can show successful completion of a treatment program at a later date. Persons seeking an expungement of records under the provisions of this paragraph may utilize the expungement forms provided in Section 2 of this act. (Emphasis supplied.)

D.A. v. State ex rel. Oklahoma State Bureau of Investigation, 2018 OK 102433 P.3d 72722 O.S. Supp. 2016 §18

22 O.S. 2001 §1422 O.S. Supp. 2014 §18

Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:

1. The person has been acquitted;

2. The conviction was reversed with instructions to dismiss by an appellate court of competent jurisdiction, or an appellate court of competent jurisdiction reversed the conviction and the district attorney subsequently dismissed the charge;

3. The factual innocence of the person was established by the use of deoxyribonucleic acid (DNA) evidence subsequent to conviction;

4. The person was arrested and no charges of any type, including charges for an offense different than that for which the person was originally arrested are filed or charges are dismissed within one (1) year of the arrest, or all charges are dismissed on the merits;

5. The statute of limitations on the offense had expired and no charges were filed;

6. The person was under eighteen (18) years of age at the time the offense was committed and the person has received a full pardon for the offense;

7. The offense was a misdemeanor, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the judgment was entered;

8. The offense was a nonviolent felony, as defined in Section 571 of Title 57 of the Oklahoma Statutes, the person has received a full pardon for the offense, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the conviction; or

9. The person has been charged or arrested or is the subject of an arrest warrant for a crime that was committed by another person who has appropriated or used the person's name or other identification without the person's consent or authorization.

For purposes of this act, "expungement" shall mean the sealing of criminal records. Records expunged pursuant to paragraph 9 of this section shall be sealed to the public but not to law enforcement agencies for law enforcement purposes.

The 2001 version, 22 O.S. 2001 §18

Persons authorized to file a motion for expungement, as provided herein, must be within one of the following categories:

1. The person has been acquitted;

2. The conviction was reversed with instructions to dismiss by an appellate court of competent jurisdiction, or an appellate court of competent jurisdiction reversed the conviction and the district attorney subsequently dismissed the charge;

3. The person was arrested and no charges are filed or charges are dismissed within one (1) year of the arrest;

4. The statute of limitations on the offense had expired and no charges were filed;

5. The person was under eighteen (18) years of age at the time the offense was committed and the person has received a full pardon for the offense;

6. The offense was a misdemeanor, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the judgment was entered; or

7. The offense was a nonviolent felony, as defined in Section 571 of Title 57 of the Oklahoma Statutes, the person has received a full pardon for the offense, the person has not been convicted of any other misdemeanor or felony, no felony or misdemeanor charges are pending against the person, and at least ten (10) years have passed since the conviction.

For purposes of this act, "expungement" shall mean the sealing of criminal records.

22 O.S. 2001 §1822 O.S. Supp. 2004 §18

22 O.S. 2001 §1822 O.S. Supp. 2004 §18

Jones v. State ex rel. Office of Juvenile Affairs, 2011 OK 105268 P.3d 72King v. King, 2005 OK 4107 P.3d 570Haggard v. Haggard, 1998 OK 124975 P.2d 439

22 O.S. Supp.2019 §18

22 O.S. Supp.2019 §18

22 O.S. Supp.2019 §18

22 O.S. Supp.2019 §18

12 O.S. 2011 §978

When a judgment or final order is reversed, the plaintiff in error shall recover his costs, including the costs of the transcript of the proceedings, or case-made, filed with the petition in error; and when reversed in part and affirmed in part, costs shall be equally divided between the parties.

(A) Costs.

(1.) Costs must be sought by a separately filed and labeled motion in the appellate court prior to mandate being issued. The Clerk shall not tax as costs any expense unless the person claiming the same, prior to the issuance of a mandate in the cause, shall file with the Clerk a verified statement of taxable cost items showing that person has paid the same.

(2.) Costs taxable by the Supreme Court Clerk are limited to the following:

(a.) The cost deposit required by 20 O.S. §15

(b.) The cost deposit required by 20 O.S. §30.4

(c.) The reasonable cost of copying and binding the record pursuant to Rule 1.36. Carroll v. Axelson, Inc., 1999 OK 13976 P.2d 1046

(d.) Reasonable costs for transcripts which are a part of the record on appeal. These costs may include the fee for recording and transcribing the proceedings, and mileage if the trial judge requires the parties to bring their own court reporter. Any charges for mailing and delivery of copies, or for an additional electronic transcript, are not taxable.

(3.) No fee paid to the district court clerk is taxable in the appellate courts. . . .

12 O.S. 2011 §97812 O.S. 2011 §66

A. Whenever an action is filed in any of the courts of this state where the State of Oklahoma or any of its departments or agencies, as defined in Section 152 of Title 51 of the Oklahoma Statutes, is a party, no bonds or other obligation of security shall be required from the state or from any party acting under the direction of the state, either to prosecute, answer, or appeal the action. The execution of a judgment or final order of any judicial tribunal against the state or any of its departments or agencies is automatically stayed without the execution of a supersedeas bond until any appeal of such judgment or final order has finally been determined.

In case of an adverse decision, such costs as by law are taxable against the state, or against the party acting by its direction, shall be paid out of the funds of the department under whose direction the proceedings were instituted or defended.

B. Costs shall be paid to the court fund of the district court in which an action is filed from the first funds collected in satisfaction of any judgment obtained by this state or any party acting under the direction of this state, except when the funds are collected pursuant to a child support order, judgment, or pursuant to any civil forfeiture action. No action filed by this state or by any party acting under the direction of this state shall be dismissed with unpaid costs of the action without the prior notification of the district court clerk of the county in which the action was filed.

State ex rel. State Insurance Fund v. JOA, Inc., 2003 OK 8278 P.3d 534

22 O.S. Supp.2019 §18

22 O.S. Supp.2019 §18